UNITED OIL & MINERALS, INC., Appellant,

v.

COSTILLA ENERGY, INC., James E. Pilgreen, Joe A. Zalman, Jr., John Zalman, Joe Zalman, III, and Jason Zalman, Appellees.

In re United Oil & Minerals, Inc.

Nos. 13–98–319–CV, 13–98–609–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1999.

Terriann Trostle, Kathleen W. Osman, Fulbright & Jaworski, Houston, William B. Wagner, James Robert Bailey, Fulbright & Jaworski, Austin, Houston Munson, Munson, Burns, Munson & Munson, Gonzales, for Appellant in No. 13–98–319–CV.

David B. McCall, Wesley G. Ritchie, McCall & Ritchie, Austin, Darryl W. Malone, Gilpin Paxson & Bersch, Houston, James A. Bouligny, Ronald B. Collins, Duckett, Bouligny & Collins, El Campo, John R. Woodward, Woodward, Shaw & Howell, Dallas, for Appellees in No. 13–98–319–CV.

William B. Wagner, James Robert Bailey, Marc Brian Collier, Fulbright & Jaworski, Austin, Houston Munson, Munson, Burns, Munson & Munson, Gonzales, Lawrence F. Labanowski, Houston, T. Brooke Farnsworth, Farnsworth & vonBerg, Houston, William J. Boyce, Terriann Trostle, Kathleen W. Osman, Fulbright & Jaworski, Houston, for Relator in No. 13–98–609–CV.

Dwight E. Peschell, Gonzales, for Respondent in No. 13–98–609–CV.

Wesley G. Ritchie, David B. McCall, McCall & Ritchie, Austin, Darryl W. Malone, Giopin Paxson & Bersch, Houston, James A. Bouligny, Ronald B. Collins, Duckett, Bouligny & Collins, El Campo, for Real Parties in Interest in No. 13–98–609–CV.

Before Justices DORSEY, RODRIGUEZ, and KENNEDY.[1]

## OPINION

Opinion by Justice DORSEY.

Appellant United Oil & Minerals, Inc. (United) attempts to appeal a judgment to which it is not a party, having been earlier non-suited from the action. We hold it has no standing to appeal and dismiss its appeal. As an alternative, United brings a petition for writ of mandamus complaining of the trial judge's action. We deny the writ.

■ This case involves the validity of an oil and gas lease, the Simpson lease. Costilla Oil and Gas (Costilla) was the lessee, but farmed out 310 acres to Yuma Petroleum Co., which re-assigned to United. Costilla retained an interest. United drilled and completed a well, earning its interest under the farmout agreement.[2]

A concern was raised about the continued validity of the Simpson lease, so United took a "top lease" from the lessors, including James E. Pilgreen and others. The top lease would only become operational if the Simpson lease expired. If the Simpson lease was held to be valid, the top lease would not have any effect.

Costilla sued United and the top lease lessors, including Pilgreen and the Zalmans, appellees here (collectively Pil-green), seeking a declaratory judgment that the Simpson lease was valid, damages and an accounting. Pilgreen countersued, seeking a declaratory judgment that the Simpson lease had terminated. Pilgreen also filed a plea in abatement requesting that the lawsuit be abated until Costilla joined all necessary parties. United, although not seeking affirmative relief from any party, being only a defendant in Costilla's action, sought an abatement of both causes of action, Costilla's and Pilgreen's, claiming an absence of necessary parties.

By letter dated January 14, 1998, the district court notified the parties that it denied Pilgreen's request for an abatement and granted United's, but only as to Pilgreen's counterclaim seeking the declared termination of the Simpson lease. The court directed Pilgreen and United to submit orders to that effect. No orders were submitted and none were signed and entered.

■ On March 24, 1998, Costilla filed a second amended original petition in which United was omitted as a defendant. An amended pleading supersedes and supplants earlier original pleadings. TEX.R. CIV. P. 65. Prior parties that are omitted from subsequent pleadings for relief are dismissed from the action, just as if a formal order dismissing them had been entered. *Webb v. Jorns*, 488 S.W.2d 407, 409 (Tex.1972); *Mercure Co., N.V. v. Rowland*, 715 S.W.2d 677, 679 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). The amended petition, by omitting United, operated as a voluntary dismissal of Costilla's claims against United.

That same day, March 24th, Costilla, Pilgreen, and the Zalmans entered into a rule 11 agreement settling their dispute.

---

1. *Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to* TEX. GOV'T CODE ANN. § 74.003 (Vernon 1988).

2. A farmout agreement is an assignment by a lease owner of all or some portion of a lease to another operator who desires to drill on the tract. 8 HOWARD R. WILLIAMS & CHARLES J. MEYERS, OIL AND GAS LAW 376 (1997).

They presented the court with an agreed judgment, which the court signed.[3]

United, who had not been notified of the nonsuit or the agreed judgment until after the fact, filed a Motion for New Trial and Motion to Modify, Amend or Correct Final Judgment and Alternatively, Plea in Intervention. Judge Peschel conducted a hearing on the motion, but never entered an order; the motion was overruled by operation of law. TEX.R. CIV. P. 329b(c).

### MOTION TO DISMISS APPEAL

Costilla and Pilgreen have filed a motion to dismiss the appeal, contending United lacks standing to appeal a judgment to which it is not a party. The crux of the motion is that because United was not a party to the final judgment, having been earlier nonsuited by Costilla and not having any pleadings for affirmative relief on file at the time, it may not complain of the judgment. Because it was not a party to the judgment, it has no standing to complain of it.

■■■ Rule 162 of the Texas Rules of Civil Procedure gives a plaintiff the right to take a nonsuit at any time before he has rested his case. The plaintiff's right to take a nonsuit is unqualified and absolute as long as the defendant has not made a claim for affirmative relief. *BHP Petroleum Co. v. Millard,* 800 S.W.2d 838, 840 (Tex.1990) (orig.proceeding). At the time Costilla filed the second amended original petition, United had not asserted any claims for affirmative relief against Costilla. Thus, Costilla had an absolute right to nonsuit, and, as reflected in the court's final judgment, United was no longer a party to the lawsuit.

■■ Once a final judgment has been entered, only parties of record may exercise the right of appeal. *Preston v. American Eagle Ins. Co.,* 948 S.W.2d 18, 20 (Tex.App.—Dallas 1997, no writ) (citing

*Continental Cas. Co. v. Huizar,* 740 S.W.2d 429, 430 (Tex.1987)); *see also Gunn v. Cavanaugh,* 391 S.W.2d 723, 724 (Tex.1965) (generally, only parties of record may exercise a right of appeal).

■■ United is not a party to the final judgment and has no standing to appeal that judgment. The motion to dismiss the appeal is GRANTED.

### MANDAMUS

United has also filed a petition requesting mandamus relief, claiming it has a justiciable interest in the underlying controversy sufficient to permit it to contest the actions of the trial court.

■■ Mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy provided by law. *Canadian Helicopters Ltd. v. Wittig,* 876 S.W.2d 304, 305 (Tex.1994) (orig.proceeding); *In re Daisy Mfg. Co.,* 976 S.W.2d 327, 328 (Tex.App.—Corpus Christi 1998) (orig.proceeding).

■■■ We have already determined that United has no remedy by appeal, because it was not a party to the final judgment. The requirement for mandamus that there not be an adequate remedy by appeal has been met by applicant. To be entitled to mandamus relief, United must have a justiciable interest in the underlying controversy. *Terrazas v. Ramirez,* 829 S.W.2d 712, 723 (Tex.1991) (orig.proceeding) (citing *Hunt v. Bass,* 664 S.W.2d 323, 324 (Tex.1984); *Mitchell v. Dixon,* 140 Tex. 520, 168 S.W.2d 654, 656 (1943)). However, a person does not need to be a party to the underlying litigation in order to seek mandamus relief. *Terrazas,* 829 S.W.2d at 723, (citing *Stewart v. McCain,* 575 S.W.2d 509 (Tex.1978)). We hold that United has a sufficient stake in the controversy as to the validity of the

---

**3.** The abatement was granted by the Honorable Dwight E. Peschel; the final judgment was signed by the Honorable Gus J. Strauss.

Simpson lease to allow it standing to bring a petition for writ of mandamus.

The essence of United's claim is that the trial judge clearly abused his discretion when he allowed Costilla to nonsuit United and approved an agreed judgment during the abatement period. Although United urges five bases upon which this Court could grant mandamus relief, they are all subsets of that foregoing proposition. Accordingly, we will address only that basic claim.

■ A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992).

United claims the entire lawsuit was abated on January 14, 1998 and that the abatement was never lifted. Thus, United argues, all proceedings and any actions taken during the period of abatement are nullities. *Lumbermens Mut. Cas. Co. v. Garza,* 777 S.W.2d 198, 199 (Tex.App.—Corpus Christi 1989) (orig.proceeding) (filings made during abatement are a nullity). We review Judge Peschel's letter to determine whether it was a valid order of abatement, and if so, the effect of the abatement.

The Honorable Dwight E. Peschel, Judge of the 25th District Court, wrote to all counsel of record on January 14, 1998, and stated in that letter, referring to *Costilla Energy, Inc. v. United Oil & Minerals, Inc. et al,* No. 978–09–17,985:

Dear Gentlemen:

    After consideration, Pilgreen and United's Pleas in Abatement are denied as to Costilla.

    United's Plea in Abatement as to Pilgreen is granted.

    United and Costilla are to prepare orders for my signature.

Sincerely,

/s/

Dwight E. Peschel

■ To be effective, an order must be reduced to writing, signed by the trial court, and entered in the record. *In re Fuentes,* 960 S.W.2d 261, 264 (Tex.App.—Corpus Christi 1997), orig. proceeding; *State Farm Ins. Co. v. Pults,* 850 S.W.2d 691, 692 (Tex.App.—Corpus Christi 1993, no writ). The order in the present case is in writing, signed by Judge Peschel, and was filed with the district clerk the same day it was signed. It is a valid order of abatement because it meets those requirements.

■ We are further convinced the letter constituted an order because it made a present pronouncement of Judge Peschel's decision. *See Reese v. Piperi,* 534 S.W.2d 329, 330 (Tex.1976). Judge Peschel said, "I am going to grant the plea in abatement," and that Pilgreen's and United's pleas "are denied" as to Costilla, and United's plea as to Pilgreen "is granted." The judge did not express an intent to deny or grant sometime in the future, but used the present tense. Accordingly, Costilla's claims were not abated although Pilgreen's counterclaims were. The issues then become: (1) whether Costilla may nonsuit United; (2) whether the court abused its discretion in allowing such a nonsuit; (3) whether Pilgreen may dismiss his action and settle the case with Costilla while an abatement is pending; and (4) whether the trial court erred in approving an agreed judgment, which included the dismissal of a counterclaim, while that counterclaim was abated.

■ Texas Rule of Civil Procedure 162 permits a plaintiff to voluntarily dismiss his claims or nonsuit a party opponent at any time before he has introduced all his evidence other than rebuttal evidence. Tex.R. Civ. P. 162; *In re Bennett,* 960 S.W.2d 35, 38 (Tex.1997). The rule is construed liberally and, so long as the defendant has not made a claim for affirmative relief, the right is absolute. *BHP Petroleum Co. Inc. v. Millard,* 800 S.W.2d 838, 840 (Tex.1990); *Greenberg v. Brook-*

*shire,* 640 S.W.2d 870, 871 (Tex.1982); *Zimmerman v. Ottis,* 941 S.W.2d 259, 261 (Tex.App.—Corpus Christi 1996, no writ). The trial court has no discretion to deny a nonsuit unless the defendant has filed pleadings seeking some form of affirmative relief. *Bennett,* 960 S.W.2d at 38; *Greenberg,* 640 S.W.2d at 872; *Zimmerman,* 941 S.W.2d at 261. Such a nonsuit may have the effect of vitiating earlier interlocutory orders. *Bennett,* 960 S.W.2d at 38.

■ Rule 162 further states that a dismissal shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief. Tex.R. Civ. P. 162. "To qualify as a claim for affirmative relief, a defensive pleading must allege that the defendant has a cause of action independent of the plaintiff's claim, on which he could recover benefits, compensation or relief, even though the plaintiff may abandon his cause of action or fail to establish it." *General Land Office v. OXY U.S.A., Inc.,* 789 S.W.2d 569, 570 (Tex. 1990) (quoting *Weaver v. Jock,* 717 S.W.2d 654, 657 (Tex.App.—Waco 1986, writ ref'd n.r.e.); *Newman Oil Co. v. Alkek,* 614 S.W.2d 653, 655 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.)). Where a defendant does no more than resist plaintiff's claim, the right to take a nonsuit is absolute. *General Land Office,* 789 S.W.2d at 570 (citing *Newman Oil Co.,* 614 S.W.2d at 655). Even where the defendant employs creative pleading to present affirmative defenses in the form of a declaratory judgment counterclaim, the plaintiff has the right to obtain a dismissal of the entire suit. *See Newman Oil Co.,* 614 S.W.2d at 654–55.

■ Because United had made no claim for relief in the action, Costilla had an absolute right to dismiss United from the action and seek no recovery against it. We further hold that the abatement of Pilgreen's counterclaim does not prohibit Pilgreen from dismissing his cause of action and settling his dispute. Although there is language in some cases that the effect of an abatement is to prevent all action in the lawsuit, *see Lumbermens Mutual Casualty Co. v. Garza,* 777 S.W.2d 198, 199 (Tex.App.—Corpus Christi 1989), original proceeding, a plaintiff who follows Rule 162 is not prevented from dismissing claims or taking a nonsuit during the existence of an abatement.

We hold the trial court did not abuse its discretion. We refuse to issue the writ of mandamus.