Form: Dismiss TRAP 42.2 Appellant's Motion






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



THOMAS L. VARKONYI,

                            Appellant,

v.

THE CITY OF EL PASO,

                            Appellee.

§

§

§

§

§

No. 08-05-00210-CV

Appeal from the

120th District Court

of El Paso County, Texas 

(TC# 2002TX309)




O P I N I O N

           Pending before the Court is Appellee’s motion to dismiss this appeal for want of
jurisdiction. Appellant attempts to appeal from a default judgment in a delinquent tax suit
rendered on March 21, 2005 against TLV Enterprizes, Inc., T.L. Varkonyi Enterprizes,
Inc., and the Internal Revenue Service (as a lienholder). In the underlying suit, Appellant
filed an answer and counterclaim on behalf of T.L. Varkonyi Enterprizes, Inc. 
Appellant’s pleadings were stricken because under Texas law, a corporation must be
represented by a licensed attorney and Appellant is a non-attorney. See Globe Leasing,
Inc. v. Engine Supply & Machine Service, 437 S.W.2d 43, 45-46 (Tex.Civ.App.--Houston
[1st Dist.] 1969, no writ). Appellant was given twenty days to obtain counsel and have
counsel file an answer on behalf of the corporation. Appellant failed to do so. Appellee
moved for a default judgment. Appellant then filed a plea in intervention in order to
appear pro se in the matter. The trial court granted Appellee’s motion to strike
Appellant’s plea in intervention. Appellant is not named as a defendant in the final
judgment.
           In reviewing the record, we agree with Appellee that Appellant was not a party to
the trial court’s judgment. Standing is a component of subject matter jurisdiction--it
cannot be conferred by consent, waiver, or estoppel and can be raised for the first time on
appeal. See Texas Ass’n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 443-46 (Tex. 
1993). Standing requires that there be a real controversy between the parties which can
actually be determined by the relief sought. See id. at 446. Generally, appeal is available
only to parties of record. Motor Vehicle Bd. of the Tex. Dep’t of Transp. v. El Paso
Indep. Auto. Dealers Assoc., Inc., 1 S.W.3d 108, 110 (Tex. 1999) (per curiam); see also
United Oil & Minerals, Inc. v. Costilla Energy, Inc., 1 S.W.3d 840, 844 (Tex.App.--Corpus Christi 1999, pet. dism’d) (“Once a final judgment has been entered, only parties
of record may exercise the right of appeal.”). We have considered this cause on
Appellee’s motion and conclude that the motion should be granted. Therefore, we grant
Appellee’s motion and dismiss this appeal for want of jurisdiction pursuant to Tex. R.
App. P. 42.3(a).
                                                                  RICHARD BARAJAS, Chief Justice
July 28, 2005

Before Barajas, C.J., McClure, and Chew, JJ.