COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-292-CV

 

 

DAVID HOPPER                                                                   APPELLANT

 

                                                   V.

 

FRANKIE CADE, MAXINE WITT,                                              APPELLEES

DORTHEA INEZ HOPPER AND

SPORT
CITY AUTO INC.                                                                       

 

                                              ------------

 

         FROM COUNTY
COURT AT LAW NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








This is an appeal from a judgment nunc pro tunc
ordering the distribution of tax sale proceeds in the court=s
registry to Appellees Frankie Cade, Dorthea Sutton, also known as Dorthea Inez
Hopper, and Sport City Auto, Inc., pursuant to their settlement agreement.  We hold that because Appellant David Hopper
was dismissed from the suit before the final judgment, he does not have
standing to appeal.  We therefore affirm
the trial court=s judgment.








Maxine Witt and her daughter Frankie Cade
subleased their real property to Dale and Tommy Judge, and Gary Hopper assumed
this sublease.  The parties dispute who
was required to pay ad valorem taxes under the sublease agreement.  The taxes were not paid, and a tax judgment
was taken against Witt and Cade.  The
property was sold by the Tarrant County Sheriff=s
Department to Gary, who instructed the sheriff to issue a deed to reflect the
purchaser as David Hopper.  David paid no
consideration for the property at issue. 
On December 2, 1998, Cade executed a quitclaim deed and release of the
right of redemption under section 34.21 of the Tax Code in favor of David. In
exchange, David promised consideration to Cade of $10,000, clear title to a
Chevrolet truck, and an additional vehicle of a specified market value.  Witt and Cade claimed that David failed to
provide all of the promised consideration. Thus, Witt notified Gary that she
was exercising the right of redemption, and Cade demanded that Gary redeliver
title.  When Gary and David refused to
redeed the property,  Witt and Cade
brought suit to enforce their redemption right. 
They also asked the trial court to rescind the agreement between Cade
and David and to declare Witt and Cade owners of the property or,
alternatively, award them damages.  Gary
and David claimed that (1) because Witt only made an offer to redeem the
property and did not make any actual payment, she failed to properly redeem the
property, (2) the release agreement was not subject to rescission because Cade
had received partial consideration, and (3) they were not liable for the
taxes.  They did not seek any affirmative
relief during the course of the case.

Witt died on March 13, 2000, while the case was
pending.  Cade was appointed
administrator of her estate in January 2004,and was empowered to continue the
suit on Witt=s behalf.

Dorthea Hopper and Sport City Auto intervened,
each also claiming an interest in the property. 
Dorthea was Gary=s wife, and because the couple
was divorcing during the pendency of the suit, she claimed as community
property an interest in the proceeds from the sale.  Sport City Auto had negotiated with Gary to
purchase the property.

While the case was pending, the trial court
appointed a receiver to sell the property, and the receiver sold the
property.  The proceeds were deposited
into the court=s registry.  David never objected to the receiver=s
appointment or the sale, nor did he make any claim to the proceeds.








During the trial and before resting their case,
Witt=s estate
and Cade asked for a recess to discuss an ethical matter that had arisen.  When trial reconvened, they announced that
they were nonsuiting Gary and David.  The
court ordered Gary and David dismissed from the case.  Witt=s estate
and Cade then announced that a settlement had been reached whereby the money in
the court=s registry was to be divided
among Witt=s estate and Cade, Dorthea, and
Sports City Auto.  After the settlement
agreement was read to the court, Gary requested clarification of the parties
involved in the nonsuit.  Sport City Auto
announced that it was nonsuiting its claims against Gary and David.  In addition, Dorthea announced that in
accordance with the settlement, she was releasing all claims against all
parties.  David did not object to the
nonsuit or the settlement agreement.








On September 27, 2004, the trial court entered a
final judgment granting Witt=s estate
and Cade=s and
Sport City Auto=s motions for nonsuit against
Gary and David, dismissing them from the case, and ordering distribution of the
funds to Cade, Dorthea, and Sport City Auto. 
On September 28, 2004, David filed a notice of appeal.  Cade then filed a motion to authorize
disbursement of funds in accordance with the parties=
settlement agreement.  David objected to
this distribution of the funds.  On
October 4, 2004, the trial court reaffirmed the distribution by Ajudgment
nunc pro tunc,@ in which the court more
specifically assigned the proceeds to be received by each party.  It appears that this was actually a modified
judgment rather than a true nunc pro tunc judgment, as it was issued within the
thirty-day period of the trial court=s
plenary power.[2]  In one issue, David contends that the trial
court erred in distributing the funds from the registry of the court to
Appellees after the claims against him were nonsuited.  David claims that because a nonsuit effects a
termination of claims without adjudication on the merits and returns the
litigants to the positions they occupied before invocation of the trial court=s jurisdiction,
he owned the property without claim against it by Appellees and was entitled to
the money in the trial court=s
registry.

Appellees respond that David does not have
standing to complain of the order entered. 
We agree.








At any time before the plaintiff has introduced
all of his evidence other than rebuttal evidence, the plaintiff may dismiss a
case, or take a nonsuit, which shall be entered in the minutes.[3]  In addition, once a final judgment has been
entered, only parties of record may exercise the right of appeal.[4]  Applying these rules of law together, if a
party is nonsuited before the final judgment, he is not a party to the judgment
and may not exercise the rightCor, has
no standingCto appeal.[5]  Thus, in United Oil & Minerals, Inc.,
v. Costilla Energy, Inc., because United was not a party to the final
judgment, having been earlier nonsuited by the appellee and not having any
pleadings for affirmative relief on file, it could not complain of the
judgment.[6]

Similarly, David was nonsuited during trial on
September 20, 2004.  The trial judge
signed the final judgment on September 27, 2004, and the modified judgment on
October 4, 2004.  Having been previously
nonsuited, David was not a party to the judgment.  Thus, he has no standing to appeal.  We overrule his issue.








Appellees assert that the appeal is frivolous and
request sanctions in the form of attorneys=
fees.  If a court of appeals determines
that an appeal is frivolous, it may award each prevailing party just damages.[7]  The court will award attorneys fees only if
it is convinced from the record that they are clearly justified.[8]  After reviewing the record, we do not believe
sanctions are warranted in this case.  We
deny Appellees= request for sanctions.

Because we have held that David does not have
standing to appeal, we affirm the trial court=s
judgment.

 

PER CURIAM

PANEL F:    DAUPHINOT, WALKER, and MCCOY, JJ.

DELIVERED:  September 22, 2005











[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. Civ. P. 329b(d); Mathes v.
Kelton, 569 S.W.2d 876, 878 (Tex. 1978); Ferguson v. Naylor, 860
S.W.2d 123, 126 (Tex. App.CAmarillo 1993, writ denied).





[3]Tex. R. Civ. P. 162.





[4]Cont=l Cas. Co. v. Huizar, 740 S.W.2d 429, 430 (Tex. 1987); Preston v. Am. Eagle Ins. Co.,
948 S.W.2d 18, 20 (Tex. App.CDallas 1997, no writ).





[5]In re Shockley,
123 S.W.3d 642, 647-48 (Tex. App.CEl Paso 2003, no pet.); United Oil & Minerals,
Inc. v. Costilla Energy, Inc., 1 S.W.3d 840, 844 (Tex. App.CCorpus
Christi 1999, pet. dism=d).





[6]Costilla,1
S.W.3d at 844.





[7]Tex. R. App. P.
45.





[8]See Duran v. Resdoor Co. Inc., 977 S.W.2d 690, 693 (Tex. App.CFort
Worth 1998, pet. denied); Campos v. Inv. Mgmt. Props., Inc., 917
S.W.2d 351, 356 (Tex. App.CSan Antonio 1996, writ denied); Jones v. Colley,
820 S.W.2d 863, 867 (Tex. App.CTexarkana 1991, writ denied).