David Hopper v. Frankie Cade, Maxine Witt, Dorthea Inez Hopper and Sport City Auto Inc.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-292-CV

DAVID HOPPER APPELLANT

V.

FRANKIE CADE, MAXINE WITT, APPELLEES

DORTHEA INEZ HOPPER AND

SPORT CITY AUTO INC. 

------------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This is an appeal from a judgment nunc pro tunc ordering the distribution of tax sale proceeds in the court’s registry to Appellees Frankie Cade, Dorthea Sutton, also known as Dorthea Inez Hopper, and Sport City Auto, Inc., pursuant to their settlement agreement.  We hold that because Appellant David Hopper was dismissed from the suit before the final judgment, he does not have standing to appeal.  We therefore affirm the trial court’s judgment.

Maxine Witt and her daughter Frankie Cade subleased their real property to Dale and Tommy Judge, and Gary Hopper assumed this sublease.  The parties dispute who was required to pay ad valorem taxes under the sublease agreement.  The taxes were not paid, and a tax judgment was taken against Witt and Cade.  The property was sold by the Tarrant County Sheriff’s Department to Gary, who instructed the sheriff to issue a deed to reflect the purchaser as David Hopper.  David paid no consideration for the property at issue.  On December 2, 1998, Cade executed a quitclaim deed and release of the right of redemption under section 34.21 of the Tax Code in favor of David. In exchange, David promised consideration to Cade of $10,000, clear title to a Chevrolet truck, and an additional vehicle of a specified market value.  Witt and Cade claimed that David failed to provide all of the promised consideration. Thus, Witt notified Gary that she was exercising the right of redemption, and Cade demanded that Gary redeliver title.  When Gary and David refused to redeed the property,  Witt and Cade brought suit to enforce their redemption right.  They also asked the trial court to rescind the agreement between Cade and David and to declare Witt and Cade owners of the property or, alternatively, award them damages.  Gary and David claimed that (1) because Witt only made an offer to redeem the property and did not make any actual payment, she failed to properly redeem the property, (2) the release agreement was not subject to rescission because Cade had received partial consideration, and (3) they were not liable for the taxes.  They did not seek any affirmative relief during the course of the case.

Witt died on March 13, 2000, while the case was pending.  Cade was appointed administrator of her estate in January 2004,and was empowered to continue the suit on Witt’s behalf.

Dorthea Hopper and Sport City Auto intervened, each also claiming an interest in the property.  Dorthea was Gary’s wife, and because the couple was divorcing during the pendency of the suit, she claimed as community property an interest in the proceeds from the sale.  Sport City Auto had negotiated with Gary to purchase the property.

While the case was pending, the trial court appointed a receiver to sell the property, and the receiver sold the property.  The proceeds were deposited into the court’s registry.  David never objected to the receiver’s appointment or the sale, nor did he make any claim to the proceeds.

During the trial and before resting their case, Witt’s estate and Cade asked for a recess to discuss an ethical matter that had arisen.  When trial reconvened, they announced that they were nonsuiting Gary and David.  The court ordered Gary and David dismissed from the case.  Witt’s estate and Cade then announced that a settlement had been reached whereby the money in the court’s registry was to be divided among Witt’s estate and Cade, Dorthea, and Sports City Auto.  After the settlement agreement was read to the court, Gary requested clarification of the parties involved in the nonsuit.  Sport City Auto announced that it was nonsuiting its claims against Gary and David.  In addition, Dorthea announced that in accordance with the settlement, she was releasing all claims against all parties.  David did not object to the nonsuit or the settlement agreement.

On September 27, 2004, the trial court entered a final judgment granting Witt’s estate and Cade’s and Sport City Auto’s motions for nonsuit against Gary and David, dismissing them from the case, and ordering distribution of the funds to Cade, Dorthea, and Sport City Auto.  On September 28, 2004, David filed a notice of appeal.  Cade then filed a motion to authorize disbursement of funds in accordance with the parties’ settlement agreement.  David objected to this distribution of the funds.  On October 4, 2004, the trial court reaffirmed the distribution by “judgment nunc pro tunc,” in which the court more specifically assigned the proceeds to be received by each party.  It appears that this was actually a modified judgment rather than a true nunc pro tunc judgment, as it was issued within the thirty-day period of the trial court’s plenary power.
(footnote: 2)  In one issue, David contends that the trial court erred in distributing the funds from the registry of the court to Appellees after the claims against him were nonsuited.  David claims that because a nonsuit effects a termination of claims without adjudication on the merits and returns the litigants to the positions they occupied before invocation of the trial court’s jurisdiction, he owned the property without claim against it by Appellees and was entitled to the money in the trial court’s registry.

Appellees respond that David does not have standing to complain of the order entered.  We agree.

At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a nonsuit, which shall be entered in the minutes.
(footnote: 3)  In addition, once a final judgment has been entered, only parties of record may exercise the right of appeal.
(footnote: 4)  Applying these rules of law together, if a party is nonsuited before the final judgment, he is not a party to the judgment and may not exercise the right—or, has no standing—to appeal.
(footnote: 5)  Thus, in 
United Oil & Minerals, Inc., v. Costilla Energy, Inc.,
 because United was not a party to the final judgment, having been earlier nonsuited by the appellee and not having any pleadings for affirmative relief on file, it could not complain of the judgment.
(footnote: 6)
 Similarly, David was nonsuited during trial on September 20, 2004.  The trial judge signed the final judgment on September 27, 2004, and the modified judgment on October 4, 2004.  Having been previously nonsuited, David was not a party to the judgment.  Thus, he has no standing to appeal.  We overrule his issue.

Appellees assert that the appeal is frivolous and request sanctions in the form of attorneys’ fees.  If a court of appeals determines that an appeal is frivolous, it may award each prevailing party just damages.
(footnote: 7)  The court will award attorneys fees only if it is convinced from the record that they are clearly justified.
(footnote: 8)  After reviewing the record, we do not believe sanctions are warranted in this case.  We deny Appellees’ request for sanctions.

Because we have held that David does not have standing to appeal, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, WALKER, and MCCOY, JJ.

DELIVERED:  September 22, 2005

FOOTNOTES
1:
See 
T
ex. R. App. P
. 47.4.

2:
See 
T
ex. R. Civ. P
. 329b(d); 
Mathes v. Kelton
, 569 S.W.2d 876, 878 (Tex. 1978);
 Ferguson v. Naylor
, 860 S.W.2d 123, 126
 
(Tex. App.—Amarillo 1993, writ denied).

3:
Tex. R. Civ. P. 
162.

4:
Cont’l Cas. Co. v. Huizar
, 740 S.W.2d 429, 430 (Tex. 1987)
; Preston v. Am. Eagle Ins. Co.
, 948 S.W.2d 18, 20 (Tex. App.—Dallas 1997, no writ)
.

5:
In re Shockley
, 123 S.W.3d 642, 647-48 (Tex. App.—El Paso 2003, no pet.); 
United Oil & Minerals
,
 Inc. v. Costilla Energy
, 
Inc.
, 1 S.W.3d 840, 844 (
Tex. App.—Corpus Christi 1999, pet. dism’d).

6:
Costilla
,1 S.W.3d at 844.

7:
T
ex. R. App. P
. 45.

8:
See Duran v. Resdoor Co. Inc.
,
 
977 S.W.2d 690, 693 (Tex. App.—Fort Worth 1998, pet. denied);
 Campos v. Inv. Mgmt. Props.
,
 Inc.
,
 
917 S.W.2d 351, 356 (Tex. App.—San Antonio 1996, writ denied); 
Jones v. Colley
,
 
820 S.W.2d 863, 867 (Tex. App.—Texarkana 1991, writ denied).