# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00658-CV

**Kirk Becker, Appellant**

**v.**

**F. L. Vivion, N. K. Ballard, L. I. Ballard and all other Parties
similarly situated, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
## NO. GN103302, HONORABLE PAUL DAVIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellees filed a joint motion to dismiss appellant Kirk Becker's appeal on the basis that, because Becker was not a party to the trial court's final judgment, he lacks standing, and this Court lacks jurisdiction over the appeal. *See* Tex. R. App. P. 42.3; *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993) (court lacks subject-matter jurisdiction to hear case when party lacks standing).

Generally, appeal is available only to parties of record. *Motor Vehicle Bd. of Tex. Dep't of Transp. v. El Paso Indep. Auto. Dealers Assoc., Inc.*, 1 S.W.3d 108, 110 (Tex. 1999) (per curiam); *see also Gunn v. Cavanaugh*, 391 S.W.2d 723, 725 (Tex. 1965); *United Oil & Minerals, Inc. v. Costilla Energy, Inc.*, 1 S.W.3d 840, 844 (Tex. App.—Corpus Christi 1999, pet. dism'd) ("Once a final judgment has been entered, only parties of record may exercise the right of appeal.").

The record demonstrates that Becker attempted to intervene in the underlying class action individually and as a representative for a class of "Forgottens and Neglecteds." In his petition, Becker acknowledged that he and the purported class were "not members of any of the classes specified by Plaintiff." The court struck Becker's petition, ordered that neither Becker nor his purported class "were bound in any way by any judgment entered in this case," and entered a final judgment that did not include Becker or the class of Forgottens and Neglecteds as parties.

Based on these facts establishing that Becker was not a party to the final judgment, we conclude that appellees' motion should be granted. Therefore, we grant appellees' motion and dismiss this appeal for want of jurisdiction pursuant to Tex. R. App. P. 42.3(a).

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Dismissed for Want of Jurisdiction

Filed: December 2, 2005