

## NUMBER 13-14-00730-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

### IN RE ESTATE OF ANGELITA B. GARZA, DECEASED

**On appeal from the 229th District Court
of Starr County, Texas.**

### MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Longoria
Memorandum Opinion by Justice Rodriguez**

By notice of appeal filed on December 2, 2014, appellant Delia G. Guerra attempts

to appeal:  (1) a July 24, 2014 order granting a motion to show authority filed by

Diamantina R. Escobar; (2) a September 16, 2014 order granting a non-suit in the

underlying case; and (3) a November 3, 2014 order denying appellant's "Motion to Vacate

and Set Aside Void Order Granting Motion to Show Authority and Void Order of Dismissal."[1]  We dismiss the appeal for want of jurisdiction.

## I. BACKGROUND

This appeal arises from a dispute among the children of the decedent, Angelita B. Garza.  In 2005, appellant filed a lawsuit in the 229th District Court as "attorney-in-fact" on behalf of her then-living mother, Angelita, against appellant's sister, Diamantina, seeking to revoke a general warranty deed conveying title to property from Angelita to Diamantina.  Angelita subsequently passed away.  This is the lawsuit underlying this appeal.

In a separate proceeding in county court at law, the county court appointed Diamantina as administrator of her mother's estate.  Subsequently, in the underlying proceeding in the 229th District Court, Diamantina filed pleadings alleging that appellant lacked standing to bring the lawsuit and, ultimately, Diamantina filed a motion to show authority requesting that appellant "be ordered to provide documentation that she is authorized to prosecute this case."

On July 24, 2014, the trial court granted Diamantina's motion to show authority, thus rendering appellant without the ability to prosecute the lawsuit.  On August 22, 2014, appellant filed a motion to reconsider the trial court's order granting Diamantina's motion to show authority.  On September 16, 2014, the trial court denied appellant's motion to reconsider.  In the interim, Diamantina, in her capacity as administrator, filed a motion

---

[1] This case is before the Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket equalization order issued by the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2015 R.S.).

for authority to nonsuit the lawsuit. On September 16, 2014, the trial court granted Diamantina's motion for nonsuit and nonsuited the case. On October 15, 2014, appellant filed a motion to vacate and set aside the orders granting the motion to show authority and the order granting a nonsuit. The trial court denied that order on November 3, 2014.

Appellant filed a notice of appeal on December 2, 2014, seeking to appeal: (1) the trial court's November 3, 2014 order denying her "Motion to Vacate and Set Aside Void Order Granting Motion to Show Authority and Void Order of Dismissal;" (2) the July 24, 2014 order granting the motion to show authority; and (3) the September 16, 2014 order granting a non-suit.

Upon review of the documents before the Court, it appeared that the orders from which this appeal was taken were not final, appealable orders. The Clerk of this Court notified appellant of this defect so that steps could be taken to correct the defect, if it could be done. *See* TEX. R. APP. P. 37.1, 42.3. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this notice, the appeal would be dismissed for want of jurisdiction.

Appellant filed a response to the Court's notice contending that the July 24, 2014 and September 16, 2014 orders were void, and thus "the deadline to vacate them as void had not lapse[d]." Appellant did not support her response with any citations to authorities or to the record.

## II. ANALYSIS

As a preliminary matter, we address whether the July 24, 2014 order on the motion to show authority in this case is a final and appealable order. *See* TEX. R. CIV. P. 12.

3

As a general rule, an order on a rule 12 motion is an interlocutory order that is not appealable until it is merged into a final judgment. *In re Guardianship of Benavides*, 403 S.W.3d 370, 374 (Tex. App.—San Antonio 2013, pet. denied); *State Bd. of Ins. v. Williams*, 736 S.W.2d 259, 260–61 (Tex. App.—Austin 1987, no writ). Nevertheless, probate and guardianship proceedings are often exceptions to the "one final judgment" rule. *See De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006); *In re Guardianship of Benavides*, 403 S.W.3d at 374. In probate and guardianship proceedings, "multiple judgments final for purposes of appeal can be rendered on certain discrete issues." *See De Ayala*, 193 S.W.3d at 587; *In re Guardianship of Benavides*, 403 S.W.3d at 374.

The July 24, 2014 order challenged in this appeal finally disposed of all issues raised in the rule 12 motion to show authority and concluded a discrete phase of the guardianship proceedings. *See Logan v. McDaniel*, 21 S.W.3d 683, 689 (Tex. App.—Austin 2000, pet. denied) (holding that a rule 12 order in a guardianship proceeding was final and appealable when no issues raised in the motion to show authority remained unresolved); *see also In re Guardianship of Benavides*, 403 S.W.3d at 374. We, therefore, conclude the trial court's order on the motion to show authority is a final and appealable order. *See In re Guardianship of Benavides*, 403 S.W.3d at 374; *Logan*, 21 S.W.3d at 689.

Appellate deadlines begin on the date that the trial court signs the judgment or other appealable order. *See* TEX. R. APP. P. 26.1(a)–(c); *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995). Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment

4

is signed, unless a motion for new trial or other specified post-judgment motion is timely filed. TEX. R. APP. P. 26.1(a)(1). If a motion for new trial or other specified post-judgment motion is timely filed, the notice of appeal is due within ninety days after the judgment is signed. *See id.* R. 26.1(a)(1)–(4).

A motion for new trial is a post-judgment motion that extends the appellate deadlines if timely filed. *See* TEX. R. CIV. P. 392b(g) (stating that motions to modify, correct, or reform a judgment extend the trial court's plenary power); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000) (holding that any post-judgment motion, no matter what it is called, will extend plenary power if it seeks a substantive change in the judgment and is filed within the time limits for a motion for new trial); *Kirschberg v. Lowe*, 974 S.W.2d 844, 847–78 (Tex. App.—San Antonio 1998, no pet.) (holding that a motion for judgment notwithstanding the verdict extends the appellate time lines). A motion that extends the appellate deadlines must be filed within thirty days after the judgment or other order complained of is signed. TEX. R. CIV. P. 329b(a) (providing a thirty-day deadline to file a motion for new trial); *Padilla v. LaFrance*, 907 S.W.2d 454, 458 (Tex. 1995); *see In re Brookshire Grocery Co.*, 250 S.W.3d 66, 69–70 (Tex. 2008) (orig. proceeding).

In the instant case, the trial court entered a final appealable order on July 24, 2014. Appellant did not file any post-judgment motion seeking to modify the order until she filed her motion to vacate or set aside on October 15, 2014, almost three months after the order to show authority was signed. Appellant's motion for appeal was not timely filed as to the July 24, 2014 order. *See* TEX. R. CIV. P. 329b(a); *Padilla*, 907 S.W.2d at 458.

Because appellant's motion to vacate or set aside was untimely, her notice of appeal for the order was due within thirty days of the original order.    *See* TEX. R. CIV. P. 329b(a); TEX. R. APP. P. 26.1.    Appellant's notice of appeal was not filed until December 2, 2014, more than four months later.    Appellant's notice of appeal was not filed within the period specified by the appellate rules.    *See* TEX. R. APP. P. 26.1(a)(1).

Appellate jurisdiction is never presumed.    *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 546 (Tex. App.—Dallas 2009, no pet.).    Absent a timely filed notice of appeal from a final judgment or recognized interlocutory order, we do not have jurisdiction over the appeal.    *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also* TEX. R. APP. P. 2, 25.1(b), 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).    We lack jurisdiction to consider the late-filed appeal of the July 24, 2014 order denying appellant's authority to prosecute the case.    *See Lehmann*, 39 S.W.3d at 195.

We next address whether the trial court's September 16, 2014 order granting a nonsuit was subject to appeal.    The order was final and no other claims remained pending.    Accordingly, the order was appealable.    *Martinez v. Humble Sand & Gravel Inc.*, 875 S.W.2d 311, 313 (Tex. 1994); *see In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997) (orig. proceeding).    Appellant timely filed her motion to vacate or set aside the order on October 15, 2014, within thirty days of that order.    *See* TEX. R. CIV. P. 329b(a); *Padilla*, 907 S.W.2d at 458.

Texas Rule of Civil Procedure 162 addresses nonsuits, and states:   "At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the

plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes." TEX. R. CIV. P. 162. A plaintiff has an absolute right to take a nonsuit. *See Hooks v. Fourth Ct. of App.*, 808 S.W.2d 56, 59 (Tex. 1991). A nonsuit nullifies the controversy and renders interlocutory orders in the case moot. *See In re Bennett*, 960 S.W.2d at 38. In the instant case, the trial court held that Diamantina had the authority to prosecute this case and appellant did not. Accordingly, Diamantina, in her capacity as administrator, had an absolute right to take a nonsuit, thereby nullifying the controversy. *See id.*

"After a nonsuit, a trial court retains jurisdiction to address collateral matters, such as motions for sanctions, even when such motions are filed after the nonsuit, as well as jurisdiction over any remaining counterclaims." *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863–64 (Tex. 2010). For instance, when the court signs an order on the plaintiff's nonsuit, the dismissal does not prevent the defendant from being heard on his own claims for affirmative relief, if any. *See* TEX. R. CIV. P. 96, 162; *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon*, 195 S.W.3d 98, 100 (Tex. 2006); *see also CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, 390 S.W.3d 299, 300 (Tex. 2013) (explaining that a plaintiff's nonsuit without prejudice had no effect on a defendant's pending claim for affirmative relief, including a request for dismissal with prejudice and an award of fees, expenses, costs, and sanctions); *Villafani v. Trejo*, 251 S.W.3d 466, 467 (Tex. 2008) (stating that a nonsuit had no effect on pending relief for dismissal with prejudice and attorneys' fees under statute). However, after a plaintiff takes a nonsuit against a defendant, a defendant who has no outstanding claims for affirmative relief is no longer a party to the suit with standing to appeal. *See, e.g., United*

7

*Oil & Minerals, Inc. v. Costilla Energy, Inc.*, 1 S.W.3d 840, 844 (Tex. App.—Corpus Christi 1999, pet. dism'd); *Preston v. American Eagle Ins. Co.*, 948 S.W.2d 18, 21 (Tex. App.—Dallas 1997, no writ). When the plaintiff nonsuits her claims, there is no longer a case or controversy, and the court of appeals has no jurisdiction over the suit. *See, e.g., Estate of Blackmon*, 195 S.W.3d at 101.

Based on our review of the two volumes of the clerk's record that have been filed, there were no collateral matters left to adjudicate, and appellant had no claims for affirmative relief pending following the entry of the nonsuit. Since appellant had no such claims, she ceased to be a party to the suit with standing to appeal. Therefore, we are without jurisdiction to consider the appeal. *See Estate of Blackmon*, 195 S.W.3d at 101; *United Oil & Minerals, Inc.*, 1 S.W.3d at 844; *Preston*, 948 S.W.2d at 21.

Further, to the extent that appellant seeks to appeal the denial of her motion to vacate and set aside, we note that an order denying a motion for rehearing or motion to vacate is not independently appealable. *See Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233, 233 n.1–2 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *In re Adams*, 416 S.W.3d 556, 560 (Tex. App.—Tyler 2013, orig. proceeding [mand. dism'd]); *State Office of Risk Mgmt. v. Berdan*, 335 S.W.3d 421, 428 (Tex. App.—Corpus Christi 2011, pet. denied); *see also Digges v. Knowledge Alliance, Inc.*, 176 S.W.3d 463, 464 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (concluding that a ruling on a motion to reconsider an order granting a special appearance was not independently appealable); *Denton Cnty. v. Huther*, 43 S.W.3d 665, 667 (Tex. App.—Fort Worth 2001, no pet.) (holding that an order

denying a motion to reconsider and renewed plea to the jurisdiction was not a distinct appealable interlocutory order with separate timetable for appeal).

### III. Conclusion

The Court, having considered the documents on file and appellant's failure to correct the defect in this matter, is of the opinion that the appeal should be dismissed for want of jurisdiction. *See id.* Accordingly, the appeal is DISMISSED FOR WANT OF JURISDICTION. *See id.* 42.3(a),(c).

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
18th day of June, 2015.

9