

# NUMBER 13-23-00206-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| WYATT RANCHES OF TEXAS, LLC, | Appellant, |
| v. | |
| WILLIAM ROBERT ANDERSON III AND ANDERSON, LEHRMAN, BARRE & MARAIST, L.L.P., | Appellees. |

## ON APPEAL FROM THE 79TH DISTRICT COURT
## OF JIM WELLS COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Benavides, Tijerina, and Silva**
**Memorandum Opinion by Justice Silva**

Appellant Wyatt Ranches of Texas, LLC (Wyatt Ranches) appeals a take-nothing

summary judgment in favor of appellees William Robert Anderson III and Anderson,

Lehrman, Barre and Maraist, L.L.P. (collectively, Anderson). By two issues, both with multiple subissues, Wyatt Ranches argues that (1) the trial court could not or did not properly dispose of Anderson's combined traditional and no-evidence motions for summary judgment due to procedural anomalies, and (2) even if the trial court could properly dispose of the motion procedurally, the affirmative defense of attorney immunity does not support the dismissal of Wyatt Ranches' suit. We reverse and remand.

## I. BACKGROUND[1]

Wyatt Ranches' live pleading alleged that it agreed to purchase the Warder Ranch, also known as Los Sueños de los Robles Ranch (the Ranch), from Leo and Catherine May (the Mays).[2] As part of the agreement, the Mays were required to provide, among other things, all surface use agreements pertaining to the Ranch. The Mays provided the recorded surface agreements through their attorney, Anderson. Believing it had received all the surface agreements, Wyatt Ranches consummated the purchase of the Ranch only to later discover an unrecorded 2013 amended surface use agreement. According to the first amended petition, the 2013 agreement amended a previously-disclosed surface agreement but the modifications were "material, . . . extremely detrimental to the value and use of the Ranch, and, if known, would have resulted in Wyatt Ranches terminating the [c]ontract instead of completing the purchase." Wyatt Ranches brought claims for negligent misrepresentation, fraud, fraud in a real estate transaction, breach of

---

[1] This appeal was transferred to this Court from the Fourth Court of Appeals in San Antonio by order of the Texas Supreme Court. See TEX. GOV'T CODE ANN. § 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

[2] The Ranch is described as 6,663.38 acres sitting in Jim Wells, Kleberg, and Nueces Counties.

contract, and breach of warranty against the Mays and Anderson.

Anderson's first amended answer included the affirmative defense of attorney immunity. Anderson subsequently filed a combined no-evidence and traditional motion for summary judgment, asserting in part that attorney immunity protected them from suit. Thereafter, the parties agreed to abate the case until a related lawsuit was resolved. During the abatement, the trial court set Anderson's combined motion for summary judgment for consideration by submission on March 6, 2023. Wyatt Ranches filed a timely "preliminary response" to Anderson's combined motion for summary judgment and a motion to lift the abatement. In both Wyatt Ranches' response to the motion for summary judgment and its motion to lift the abatement, it urged the trial court to withdraw its March 6, 2023 submission date, arguing that more discovery needed to be conducted and that the trial court could not set the case for submission during abatement. The trial court set Wyatt Ranches' motion to lift the abatement for a hearing on March 6, 2023.

At the March 6, 2023 hearing, the parties agreed that the trial court should lift the abatement. Wyatt Ranches reiterated its argument that the submission date should be withdrawn for additional discovery whereas Anderson responded that they did not believe more discovery needed to be conducted and that the trial court could decide summary judgment as a matter of law. The trial court granted the motion to lift the abatement and said, "[L]et me see what, if anything, I'll do with the motion for summary judgment by—by submission."

On March 7, 2023, the trial court signed an order lifting the abatement and withdrawing the submission date for Anderson's combined motion for summary judgment.

3

On March 8, 2023, the trial court notified the parties that it was granting Anderson's motion for summary judgment as to attorney immunity only and directed the parties to prepare an order reflecting such. Anderson thereafter filed a motion to modify the order lifting abatement to strike the language that withdrew the submission date, but the trial court never signed an order doing so. On March 27, 2023, the trial court signed an order granting Anderson's motion for summary judgment on its affirmative defense of attorney immunity. This appeal followed.

## II.    FINAL APPEALABLE ORDER

As a preliminary matter, we must address Wyatt Ranches' claim that the order it appealed is not a final appealable order. Wyatt Ranches argues that the order "purported to dispose of Wyatt Ranches' claims only to the extent they implicated attorney immunity," but because "Wyatt Ranches' claims do not involve and are not controlled by that defense[,] . . . [the o]rder necessarily did not fully and finally dispose of the entire case."

With limited exceptions not applicable here, this Court is without jurisdiction to review an order that is not final. *McFadin v. Broadway Coffeehouse, LLC*, 539 S.W.3d 278, 283 (Tex. 2018); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (enumerating permissible interlocutory appeals). An order is final and appealable when it disposes of all pending claims and all parties. *McFadin*, 539 S.W.3d at 283. "Although language like a Mother Hubbard clause indicates that the trial court intended a judgment to be final and appealable, no particular title, form, or language is required to make a judgment final." *Id.* Instead, to determine whether an order is final and appealable, we look to the language of the order and the record. *Id.* Because our jurisdiction depends on whether the order is

4

final, it is a question of law that we review de novo. *Id.* at 282.

Here, Wyatt Ranches does not identify which specific parties or claims it contends were not resolved by the trial court's order. Nevertheless, the record shows that Wyatt Ranches nonsuited all claims against the Mays and the order dismisses its "claims" against Anderson. Wyatt Ranches seems to argue that because the pleaded affirmative defense was incorrectly found to apply to its claims, the order does not actually dispose of its claims. However, if that were so, an appellate court would never have jurisdiction to review an improper summary judgment, which is simply not the case.

Because Wyatt Ranches nonsuited its claims against the Mays, all that remained were its claims against Anderson.[3] Anderson argued, and the trial court agreed, that attorney immunity applied to all of Wyatt Ranches' claims against Anderson. Based on the record, including Anderson's motion for summary judgment, it is clear that the trial court's order dismissing Wyatt Ranches' "claims" against Anderson included all of Wyatt Ranches' claims, leaving no claims or parties surviving. *See id.* at 283. Accordingly, whether the trial court was correct or incorrect, its order constitutes a final appealable order for which this Court has jurisdiction to review. *See id.*

### III.   SUMMARY JUDGMENT

By its first issue, Wyatt Ranches argues that procedural defects prohibited the trial court from granting summary judgment.

---

[3] Although Wyatt Ranches nonsuited its claims against the Mays while the case was abated, it was still effective upon filing. *See* TEX. R. CIV. P. 162 (noting that a party may nonsuit claims at any time before the plaintiff has introduced all its evidence); *United Oil & Mins., Inc. v. Costilla Energy, Inc.*, 1 S.W.3d 840, 846 (Tex. App.—Corpus Christi–Edinburg 1999, pet. dism'd) (upholding nonsuit taken during abatement); *see also AAA Free Move Ministorage, L.L.C. v. Latigo Props., Inc.*, No. 04-14-00075-CV, 2015 WL 1120330 (Tex. App.—San Antonio Mar. 11, 2015, no pet.) (mem. op.) (same).

**A.    Applicable Law**

"A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof." TEX. R. CIV. P. 166a(b). "Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing." *Id.* R. 166a(c). Summary judgment may be considered by submission or hearing, but no oral testimony may be received at a hearing. *Id.*; *see Hooten v. Yeager*, 654 S.W.3d 185, 192 (Tex. App.—Texarkana 2022, no pet.) (citing *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998) (per curiam)).

Notice of a hearing or consideration by submission is mandatory and essential, and because summary judgment is such a harsh remedy, the notice provisions of Rule 166a(c) must be strictly construed. *Town Park Ctr., LLC v. City of Sealy*, 639 S.W.3d 170, 183 (Tex. App.—Houston [1st Dist.] 2021, no pet.). "Notice of a summary-judgment hearing must inform the nonmovant of the exact date of hearing or submission. A trial court that grants summary judgment without notice of the hearing to the nonmovant errs in granting it." *B. Gregg Price, P.C. v. Series 1 - Virage Master LP*, 661 S.W.3d 419, 423 (Tex. 2023) (per curiam) (internal citations omitted). A lack of proper notice constitutes a deprivation of due process. *Id.* at 422–23. "A new [setting] requires a new notice." *Id.* at 423.

**B.    Analysis**

Wyatt Ranches contends that two procedural infirmities precluded the trial court

from granting Anderson's motion for summary judgment: (1) the abatement; and (2) the trial court's withdrawal of the submission date. Anderson, on the other hand, argues that because the trial court lifted the abatement, it did not preclude the trial court from ruling on it, and that the trial court's notice for the March 6, 2023 submission date was sufficient notice. We agree with Wyatt Ranches that the trial court's withdrawal of the submission date precluded it from granting Anderson's motion for summary judgment.

When the trial court withdrew the submission date for the motion for summary judgment, it was required to set a new date with sufficient notice to the parties. *See* TEX. R. CIV. P. 166a(c); *B. Gregg Price*, 661 S.W.3d at 423. Failure to do so constituted a deprivation of Wyatt Ranches' due process rights. *See B. Gregg Price*, 661 S.W.3d at 422–23. "[T]he remedy for a denial of due process is due process." *Id.* at 423. Accordingly, the trial court erred by granting Anderson's summary judgment without proper new setting and notice. *See id.* at 422–23.

Anderson's argument that the trial court provided sufficient notice through its initial notice fails for the same reason—once the trial court withdrew the submission date, its notice of that submission date was no longer effective. *See id.* Anderson further argues that any error in granting summary judgment without notice simply constituted harmless error because Wyatt Ranches filed a response. *See* TEX. R. APP. P. 44.1(a). However, Anderson provides no authority that harmless error applies to a deprivation of due process, and we find none. *See id.* Moreover, although Wyatt Ranches filed a preliminary response "[o]ut of an abundance of caution," it explained that "discovery [wa]s substantially incomplete" because of the abatement, and it intended to supplement its

7

response after conducting additional discovery. *See* TEX. R. CIV. P. 166a(c). Accordingly, we conclude the trial court erred by granting Anderson's motion for summary judgment after withdrawing the submission date. *See B. Gregg Price*, 661 S.W.3d at 423. We sustain Wyatt Ranches' first issue.[4]

## IV. CONCLUSION

We reverse the trial court's judgment and remand the case for further proceedings consistent with this memorandum opinion.

CLARISSA SILVA
Justice

Delivered and filed on the
30th day of May, 2024.

---

[4] Because Wyatt Ranches' first issue is dispositive, we need not reach its second issue. *See* TEX. R. APP. P. 47.4.

8