

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00248-CV

Tamara **FULMER-STEWART**,
Appellant

v.

**CRP/MAPLE ALAMO HEIGHTS
OWNER, L.P.** d/b/a Allora Alamo Heights,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 2025-CV-00291
Honorable Cesar Garcia, Judge Presiding

PER CURIAM

Sitting:      Adrian A. Spears II, Justice
               H. Todd McCray, Justice
               Velia J. Meza, Justice

Delivered and Filed: June 4, 2025

DISMISSED FOR LACK OF JURISDICTION

On May 12, 2025, the clerk's record was filed in this appeal. The clerk's record reflects that Appellee CRP/Maple Alamo Heights Owner, LP d/b/a Allora Alamo Heights ("Allora Alamo Heights") brought a forcible detainer action against Appellant Tamara Fulmer-Stewart in the Justice Court Precinct 3 Place 1. A judgment against Fulmer-Stewart was signed by the justice court, and Fulmer-Stewart appealed to the county court at law. On March 28, 2025, the county court at law signed an order explaining that the plaintiff, Allora Alamo Heights, had filed a notice of nonsuit and requested that the county court at law dismiss the case without prejudice. The county

court at law "ORDERED that the entirety of this case be, and it hereby is **dismissed without prejudice, effective immediately.**" On April 17, 2025, Fulmer-Stewart filed a pro se notice of appeal, stating that "even though the judgment was in [her] favor, [she] desire[s] to appeal all portions of said judgment in the 4th Court of Appeals in San Antonio, Texas."

Texas Rule of Civil Procedure 162 provides that "[a]t any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes." TEX. R. CIV. P. 162. "A plaintiff has an absolute right to take a nonsuit." *In re Estate of Garza*, No. 13-14-00730-CV, 2015 WL 3799370, at \*3 (Tex. App.—Corpus Christi-Edinburg June 18, 2015, no pet.). "A nonsuit nullifies the controversy and renders interlocutory orders in the case moot." *Id*. "After a nonsuit, a trial court retains jurisdiction to address collateral matters, such as motions for sanctions, even when such motions are filed after the nonsuit, as well as jurisdiction over any remaining counterclaims." *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010). Thus, even though a court signs an order on a plaintiff's nonsuit, the dismissal of the plaintiff's claims "does not prevent the defendant from being heard on his own claims for affirmative relief, if any." *In re Estate of Garza*, 2015 WL 3799370, at \*3; *see CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n*, 390 S.W.3d 299, 300 (Tex. 2013) (stating that a plaintiff's nonsuit without prejudice does not affect a defendant's pending claim for affirmative relief, including a request for dismissal with prejudice and an award of fees, expenses, costs, and sanctions). "However, after a plaintiff takes a nonsuit against a defendant, a defendant who has no outstanding claims for affirmative relief is no longer a party to the suit with standing to appeal." *In re Estate of Garza*, 2015 WL 3799370, at \*3 (citing *United Oil & Minerals, Inc. v. Costilla Energy, Inc.*, 1 S.W.3d 840, 844 (Tex. App.—Corpus Christi-Edinburg 1999, pet. dism'd)). "When the plaintiff nonsuits her claims, there is no longer a case or controversy, and the court of appeals has no jurisdiction over the suit." *Id.*

Based on our review of the clerk's record, we determined that following the entry of the nonsuit, there were no collateral matters left to adjudicate in the underlying case, and Fulmer-Stewart had no claims for affirmative relief pending. Because Fulmer-Stewart had no such claims, she "ceased to be a party to the suit with standing to appeal." *Id*. We therefore ordered Fulmer-Stewart to show cause why this appeal should not be dismissed for lack of jurisdiction. *See id*.

Fulmer-Stewart has now filed a response, stating that she is appealing "civil rights violations and state laws and statutes broken by" the county court at law judge and "all clerks" in that court. She further alleges that after the forcible detainer action against her was dismissed, she received an anonymous and threatening phone call. Thus, Fulmer-Stewart in her response alleges possible civil actions she could file in a separate civil lawsuit. None of these claims were pending in the underlying forcible detainer action at the time it was dismissed. *See Kirkland v. V & S Total Trade, LLC*, No. 04-22-00409-CV, 2024 WL 2947292, at *5 (Tex. App.—San Antonio June 12, 2024, no pet.) ("The only dispute in a forcible detainer case is the issue of which party has the right to immediate possession of the property.").

Because Fulmer-Stewart had no outstanding claims for affirmative relief at the time of the nonsuit, Fulmer "is no longer a party to the suit with standing to appeal." *In re Estate of Garza*, 2015 WL 3799370, at *3. Therefore, we have no jurisdiction over this appeal. *See id*. ("When the plaintiff nonsuits her claims, there is no longer a case or controversy, and the court of appeals has no jurisdiction over the suit."). This appeal is dismissed for lack of jurisdiction.

PER CURIAM