Raymond PRESTON, Individually and as Special Administrator of the Estate of Kathy Jones–Preston, and Damon Gage Preston, by and Through His Father and Next Friend Raymond Preston, Appellants,

v.

AMERICAN EAGLE INSURANCE COMPANY, Appellee.

No. 05–97–00287–CV.

Court of Appeals of Texas, Dallas.

May 16, 1997.

Carl Hughes, Hughes & Grant, Oklahoma City, OK, Kerry Lance McGill, Martin & Associates, PC, Austin, Wake L. McClure, Gibson, McClure, & Wallace, Dallas, for Appellants.

Martin E. Rose, Cynthia Hollingsworth, Kathleen McChesney Goodman, Gardere & Wynne, L.L.P., Dallas, for Appellee.

Before THOMAS, C.J., and HANKINSON and BRIDGES, JJ.

## OPINION

THOMAS, Chief Justice.

In this case, we must decide whether Raymond Preston, individually and as special administrator of the estate of Kathy Jones–Preston, and Damon Gage Preston, by and through his father and next friend Raymond Preston, were parties of record at the time of final judgment and can therefore invoke our jurisdiction over this appeal. We conclude they were not. Accordingly, we dismiss this appeal for want of jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 1994, American Eagle Insurance Company (American) issued an insurance policy to Air Strikes International, Inc. (Air Strikes), Michael D. Michaelis (Michaelis), and Maurice "Skip" Stevens (Stevens) on two airplanes owned by Air Strikes and Michaelis. On July 5, 1994, one of the airplanes crashed in Oklahoma. At the time of the crash, Stevens was piloting the airplane. Stevens and his passenger, Kathy Jones–Preston, died in the crash.

Shortly thereafter, Raymond Preston (Jones–Preston's husband) and Damon Preston (Jones–Preston's minor son) sued Air Strikes and Debra Stevens, representative of Stevens's estate, in federal court. In a separate lawsuit, Jones–Preston's parents, Rolan Jones and Sandra Jones, sued Air Strikes, Michaelis, Dana Michaelis, and Debra Stevens, individually and as the representative of Stevens's estate, in state court. The defense of these lawsuits was then tendered to American.

On September 21, 1994, American filed a petition for declaratory judgment, asking the court to declare (1) American's liability insurance policy was void or voidable; (2) Stevens did not satisfy the "pilot warranty" required by the insurance company; (3) American had no duty to the defendants, including no duty to defend; and (4) American was entitled to costs and reasonable and necessary attorney's fees. The defendants in the declaratory judgment were Air Strikes, Michaelis, Raymond Preston, Damon Preston, Rolan and Sandra Jones, and Debra Stevens.

In response to the declaratory judgment, Rolan and Sandra Jones filed special exceptions, a general denial, and counterclaims for violations of the Texas Deceptive Trade Practices Act and article 21.21 of the Texas Insurance Code. The Joneses asked for damages, attorney's fees, and prejudgment and postjudgment interest. On November 7, 1994, Air Strikes and Michaelis filed an original answer, asking the trial court to (1) deny American's request for declaratory judgment, and (2) grant their request for attorney's fees. Raymond Preston, Damon Preston, and Debra Stevens filed general denials.

On July 10, 1996, American filed a motion to nonsuit Raymond Preston, Damon Preston, and the Joneses. The order of nonsuit was signed July 16, 1996. American then filed its second amended petition for declaratory judgment against the remaining defendants, Air Strikes, Michaelis, and Debra Stevens.

On August 26, 1996, American filed a motion for partial summary judgment on the ground that American had no duty to defend or indemnify Air Strikes for any loss arising out of the July 1994 airplane crash. On September 30, 1996, Air Strikes and Michaelis filed a response to American's motion, claiming their summary judgment evidence raised material fact issues precluding summary judgment. After a hearing on November 1, 1996, the trial judge granted American's motion for partial summary judgment. The judgment concluded with a standard Mother Hubbard clause, "[a]ny relief not expressly granted herein is denied."

On November 14, 1996, American filed its third amended petition for declaratory judgment, which dropped its fraudulent inducement and misrepresentation allegations. That same day, Raymond and Damon Preston filed a plea in intervention, asking that (1) the insurance policy be deemed in full force and effect; (2) American take nothing; and (3) they recover reasonable costs and attorney's fees. The trial judge signed a "Final Judgment" dated November 14, 1996. The judgment recited that American had no duty to defend or indemnify Air Strikes, Michaelis, or Debra Stevens from any claims

arising out of the airplane crash. The judgment also contained a Mother Hubbard clause stating "[a]ny relief not expressly granted herein is denied." This appeal followed.

### JUDGMENT FINALITY

On March 13, 1997, American filed a motion to dismiss on the ground that this Court lacks jurisdiction over the appeal. American contends Raymond and Damon Preston could not perfect an appeal because, at the time the final judgment was entered, the Prestons were not parties of record. We agree.

■ If a summary judgment order appears to be final, as evidenced by a Mother Hubbard clause or other language in the order purporting to dispose of all claims or parties, the judgment should be treated as final for appellate purposes. *Bandera Elec. Coop., Inc. v. Gilchrist,* 946 S.W.2d 336, 337 (1997); *Mafrige v. Ross,* 866 S.W.2d 590, 592 (Tex.1993). Once a final summary judgment has been entered, only parties of record may exercise the right of appeal. *See Continental Cas. Co. v. Huizar,* 740 S.W.2d 429, 430 (Tex.1987). An intervenor is a party for purposes of appeal if (1) he timely files a pleading and (2) the pleading is not stricken by the trial judge before the entry of final judgment. *See* TEX.R. CIV. P. 60; *see also City of Austin v. Quick,* 930 S.W.2d 678, 683 (Tex.App.—Austin 1996, n.w.h.) (intervenor who was stricken before final judgment not proper party to appeal). A plea in intervention is untimely if it is filed after judgment and may not be considered unless and until the judgment is set aside. *First Alief Bank v. White,* 682 S.W.2d 251, 252 (Tex.1984); *Comal County Rural High Sch. Dist. No. 705 v. Nelson,* 158 Tex. 564, 314 S.W.2d 956, 957 (1958).

■ American contends the Prestons may not appeal because they were not parties to the appeal on November 1, 1996, the date the trial judge signed the final judgment. We agree the Prestons were not parties to the November 1, 1996 judgment. The Prestons were nonsuited on July 16, 1996. On November 1, 1996, the trial judge signed a document entitled "Partial Summary Judg-

ment" that included the statement "any relief not expressly granted herein is denied." This judgment purported to dispose of all claims or parties by the inclusion of a Mother Hubbard clause. *See Bandera,* 946 S.W.2d at 337; *Mafrige,* 866 S.W.2d at 592. Thus, absent a modified, corrected, or reformed judgment within the trial court's plenary period, the November 1, 1996 judgment would be a final judgment for appellate purposes. *See* TEX.R. CIV. P. 329b(h); *Bandera,* 946 S.W.2d at 337; *Mafrige,* 866 S.W.2d at 592.

Nevertheless, the Prestons argue their plea in intervention was timely filed because the trial judge entered a modified judgment on November 14, 1996. The Prestons claim that by signing the November 14, 1996 judgment, the trial judge vacated the earlier judgment, thereby allowing them to timely intervene. In support of their argument, the Prestons rely on rule 329b(h) of the rules of civil procedure. *See* TEX.R. CIV. P. 329b(h). We disagree.

■ Rule 329b(h) provides, in pertinent part, that "if a judgment is modified, corrected or reformed in any respect, the time for appeal shall run from the time the modified, corrected, or reformed judgment is signed." *See* TEX.R. CIV. P. 329b(h); *see also Check v. Mitchell,* 758 S.W.2d 755, 756 (Tex.1988) (holding that any change in judgment, whether material or not, while trial court retains plenary power operates to delay commencement of appellate timetable until date modified, corrected, or reformed judgment signed). The modified, corrected, or reformed judgment vacates and replaces the former judgment. *See B & M Mach. Co. v. Avionic Enters., Inc.,* 566 S.W.2d 901, 901–02 (Tex.1978) (by reforming first judgment, second judgment effectively vacated first judgment); *Owens–Corning Fiberglas Corp. v. Wasiak,* 883 S.W.2d 402, 411 (Tex.App.—Austin 1994, no writ) (by signing second judgment, trial court implicitly vacated first judgment).

■ While we agree that the November 14, 1996 judgment modified the November 1, 1996 judgment, we do not agree the Prestons

could intervene by virtue of the subsequent modification. In this case, the second judgment modified the November 1, 1996 judgment by specifically identifying the insurance policy's number and the defendants' names. Thus, the second judgment vacated the first judgment. *See B & M Mach. Co.,* 566 S.W.2d at 901–02. Nevertheless, the trial judge did not set aside the judgment, grant a motion for new trial, or reopen the pleadings in the cause.[1] We therefore conclude a final judgment was in place at all times from November 1, 1996. Because a final judgment was in place at all times, an untimely filed plea in intervention could not be considered. *See First Alief Bank,* 682 S.W.2d at 252 (plea in intervention filed after judgment may not be considered *unless and until judgment set aside*). Because the Prestons were nonsuited before the November 1, 1996 judgment and could not intervene after the November 1, 1996 judgment, they were not parties to the final judgment and may not exercise the right of appeal. *See Continental,* 740 S.W.2d at 430.

We dismiss this cause for want of jurisdiction.

---

1. Based on the record, it appears the trial judge believed he had signed a partial summary judgment on November 1, 1996 and was attempting to make the judgment final in his November 14, 1996 order. However, the November 1, 1996 judgment was already a final judgment because it contained a Mother Hubbard clause. *See Bandera,* 946 S.W.2d at 337; *Mafrige,* 866 S.W.2d at 592.