TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON MOTION FOR REHEARING










NO. 03-02-00135-CV







Ricardo de la Garza, Individually and on behalf of the absent class members; Ildelfonso

de la Garza; Armand M. Garza, Individually and on behalf of the absent class

members; Andres M. Garcia, Jr., Individually and on behalf of

the absent class members, et al., Appellants



v.


Gray & Becker, P.C., Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT

NO. GN101682, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING




 After considering appellants' motion for rehearing and appellee's response, we grant
rehearing, withdraw our previous opinion and judgment issued on May 2, 2002, and substitute the
following opinion in its place. 

 Gray & Becker, the plaintiff below, and the Class I Claimants and the Class II
Claimants, the defendants below, are the only parties bound by the trial court's judgment in this
cause. They filed a joint motion to dismiss this appeal for want of jurisdiction. They contend that
the appellants lack standing to appeal the judgment which is not binding on them. We agree and will
dismiss the appeal for want of jurisdiction.

 Gray & Becker filed the underlying lawsuit seeking to collect attorney's fees from
approximately 3400 defendants who were grouped as Class I and Class II depending on their wage
levels. Gray & Becker and the Class I and Class II Claimants reached a settlement agreement
resolving their dispute about attorney's fees and sought to have their agreement reduced to judgment.
On November 20, 2001, the trial court rendered a final judgment. Neither Gray & Becker nor the
Class I and Class II Claimants sought any post-judgment relief. On December 10, while the district
court maintained plenary power over the cause, appellants moved to intervene in their individual
capacities. (1) It is important to note that the intervenors acted solely in their individual capacities; they
did not claim to be acting on behalf of the Class I or Class II Claimants. Gray & Becker and the
Class I and Class II Claimants moved to sever the late intervenors and their claims. On December
20, following a hearing, the district court granted the severance motion and thereby ordered all of
Gray & Becker's claims against the intervenors, all of the intervenors' defenses, and any claims the
intervenors may have against Gray & Becker severed into a new district court cause. On December
21, the intervenors filed a motion for new trial in the original cause underlying this appeal which was
overruled by operation of law. Appellants timely filed their notice of appeal on January 9, 2002.

 Appellants intervened after the district court signed the November 20 judgment. The
district court never adjudicated the issues raised by appellants' plea in intervention. Instead, the
district court severed the appellants and all issues related to them into a new cause. Following the
severance order, appellants had no interest in this, the original cause; they were not subject to or
bound by the November 20 judgment in this cause. See Preston v. American Eagle Ins. Co., 948
S.W.2d 18, 20 (Tex. App.--Dallas, no writ) (citing Continental Cas. Co. v. Huizar, 740 S.W.2d 429,
430 (Tex. 1987)); see also Gunn v. Cavanaugh, 391 S.W.2d 723, 724 (Tex. 1965). Appellants'
affiliation with the this cause ended when the court rendered the severance order. Gray & Becker's
claims against appellants, as well as appellants' defenses and claims against Gray & Becker were
adjudicated in the new cause which proceeded to a final judgment. (2) Further, appellants have
perfected an appeal from that judgment which is currently pending in this Court. (3)

 Due to the severance, appellants were removed from this cause as well as removed
from any effect its November 20 judgment might have had on them. This is exactly what appellants
wanted when they intervened--to be disassociated from the judgment effecting the settlement
agreement between Gray & Becker and the Class I and Class II Claimants. Appellants preferred to
assert their own defenses to Gray & Becker's suit for attorney's fees. They did not wish to be bound
by the arbitrated settlement reached in this cause; appellants got precisely what they asked for. The
judgment in this, the original cause is only binding on Gray & Becker and the Class I and Class II
Claimants, none of whom seeks to appeal. The intervenors have no standing to appeal the
underlying judgment.

 The motion to dismiss the appeal for want of jurisdiction is granted. (4) The motion to
show authority and the motion for sanctions are overruled. The appellants' motion to consolidate
this appeal with other related appeals is overruled. Gray & Becker's motion to strike the appellants'
motion to consolidate in this cause is dismissed. Appellants' motion to reverse orders on discovery
with motion for protective order in this cause is dismissed. 

 The appeal is dismissed for want of jurisdiction.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Dismissed for Want of Jurisdiction

Filed: July 26, 2002

Do Not Publish

1.   Approximately 380 intervenors did not want to be bound by the settlement agreement. 
Four of the intervenors were originally class representatives for the Class I Claimants. When filing
the plea in intervention, however, they did so only in their individual capacities and not as
representatives of the Class I Claimants. 
2.   The judgment in the new cause expressly ruled that appellants had been removed from the
effects, if any, from the judgment rendered in the original cause, and that appellants were in no way
subject to the judgment in the original cause. 
3.   An appeal from the new cause is pending in this Court as cause number 03-02-00136-CV,
styled, Adams et al., v. Gray & Becker. 
4.   For clarification, this appeal is not being dismissed on grounds that appellants' notice of
appeal was late nor because appellants were never parties in the cause.