

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00378-CV

| | |
|---|---|
| DAVID J. KANTNER AND WIFE, SHERI K. KANTNER, JON D. MATHE, DAVID MOORE, AND WIFE, SYLVIA MOORE, AND MICHAEL MORRIS AND WIFE, KIM MORRIS | APPELLANTS |

V.

| | |
|---|---|
| CHESAPEAKE ENERGY CORPORATION AND CHESAPEAKE EXPLORATION, LLC | APPELLEES |

------------

## FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY

------------

### NO. 02-11-00379-CV

| | |
|---|---|
| BRENT MUSSELMAN AND WIFE, TERRI MUSSELMAN, JAMIE R. OLDHAM AND WIFE, JENEE L. OLDHAM, TOMMY D. OSBORNE AND WIFE, LORI M. OSBORNE, AND MARK DEVEN PITT AND | APPELLANTS |

WIFE, KRISTIN E. PITT

V.

CHESAPEAKE EXPLORATION,                                       APPELLEES
LLC AND CHESAPEAKE ENERGY
CORPORATION

------------

FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY

------------

**NO. 02-11-00380-CV**

FRANCOIS PELLETIER AND WIFE,                                  APPELLANTS
DARIE BERUBE, BILL J. RALSTON
AND WIFE, MADALYN M.
RALSTON, JOSEPH A. SIMON AND
WIFE, KAY L. SIMON,[1] AND MARC
G. WILSON AND WIFE, ROSE M.
WILSON

V.

CHESAPEAKE ENERGY                                             APPELLEES
CORPORATION AND
CHESAPEAKE EXPLORATION,
LLC

---

[1]Kay L. Simon was named as an appellant in the notice of appeal, but she had previously nonsuited her claims against Appellees.  Therefore, we dismiss her appeal for want of jurisdiction.  *See Motor Vehicle Board of the Tex. Dep't of Transp. v. El Paso Indep. Auto. Dealers Ass'n, Inc.*, 1 S.W.3d 108, 110 (Tex. 1999); *Preston v. Am. Eagle Ins. Co.*, 948 S.W.2d 18, 21 (Tex. App.—Dallas 1997, no writ).

------------

FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY

------------

**NO. 02-11-00381-CV**

WARDELL HAMILTON, SR. AND
WIFE, DIANE HAMILTON;
BARBARA A. HARRIS; REBECCA
HERNANDEZ; WILLIAM D.
KOLODZIE AND WIFE, MARY M.
KOLODZIE

APPELLANTS

V.

CHESAPEAKE EXPLORATION,
LLC AND CHESAPEAKE ENERGY
CORPORATION

APPELLEES

------------

FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY

------------

**NO. 02-11-00382-CV**

MATTHEW PLATTS, G.L. POTTS
AND WIFE, JENNIFER POTTS,
DEAN A. SCHUERMAN AND WIFE,
GINGER C. SCHUERMAN, AND
JOHN G. WOODS

APPELLANTS

V.

CHESAPEAKE ENERGY
CORPORATION AND
CHESAPEAKE EXPLORATION,
LLC

APPELLEES

-----------

FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY

-----------

**NO. 02-11-00383-CV**

JAMES M. REAVES AND WIFE,                                                    APPELLANTS
TERRI E. REAVES; MARK C.
RICHMOND AND WIFE, DEBRA M.
RICHMOND; AND CALVIN R.
WASHINGTON AND WIFE,
MAYRION A. WASHINGTON

V.

CHESAPEAKE EXPLORATION,                                                      APPELLEES
LLC AND CHESAPEAKE ENERGY
CORPORATION

-----------

FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY

-----------

**NO. 02-11-00384-CV**

HOWARD L. EASTER AND WIFE,                                                   APPELLANTS
GLENDA K. EASTER, GARY L.
ELLIOTT AND WIFE, KAYE T.
ELLIOTT, JERRY D. FUSELIER
AND WIFE, RHONDA M.
FUSELIER, AND DAVID G.
GARDNER AND WIFE, DONNA
GARDNER

V.

4

CHESAPEAKE ENERGY                                                        APPELLEES
CORPORATION AND
CHESAPEAKE EXPLORATION,
LLC

------------

FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY

------------

**NO. 02-11-00385-CV**

JERRY L. SIMMANK, JR.;                                                  APPELLANTS
RICHARD D. WILSON AND WIFE,
MARY D. WILSON; AND CARL E.
YOUNGBLOOD AND WIFE,
JENNIFER M. YOUNGBLOOD

V.

CHESAPEAKE EXPLORATION,                                                  APPELLEES
LLC AND CHESAPEAKE ENERGY
CORPORATION

------------

FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY

------------

**NO. 02-11-00386-CV**

DAVID D. DEES AND WIFE,                                                  APPELLANTS
SARAH M. DEES, JOHN ROBERT
GRANT AND WIFE, BRENDA J.
GRANT, ROBBIE GRIGGS, JR.
AND WIFE JANICE T. GRIGGS,
AND THOMAS CHARLES

5

HASENBECK AND WIFE MARY
JOHNSON HASENBECK

V.

CHESAPEAKE ENERGY                                    APPELLEES
CORPORATION AND
CHESAPEAKE EXPLORATION,
LLC

------------

FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY

------------

**NO. 02-11-00387-CV**


JOHN C. BRIGHT AND WIFE                              APPELLANTS
HEATHER M. BRIGHT; LANDON G.
COX, JR. AND WIFE, PATRICIA M.
COX; MERAL O. CRAWFORD;
FREDERICK EARL DAVIS AND
WIFE, ELLEN J. DAVIS

V.

CHESAPEAKE EXPLORATION,                              APPELLEES
LLC AND CHESAPEAKE ENERGY
CORPORATION

------------

FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY

------------

**NO. 02-11-00388-CV**

RIC A. ALEXANDER AND WIFE, JILL R. ALEXANDER, ELAINE ANDERS, FRANK ANDREWS AND WIFE, LYNDA L. ANDREWS, MURIEL B. BROOKS AUTHER, DALE C. BAKER AND WIFE, SHARI D. BAKER, DANNY E. BRAWNER AND WIFE, MARY ALICE BRAWNER, MELISSA LOU BROWN, SAM O. BRUCE, DAVID E. BRYANT AND WIFE, JANET L. BRYANT, JERRY ALLEN BURNS AND WIFE, ELAYNE RENEE BURNS, LIONEL H. CANTU AND PAULA A. CANTU, DAVID NATHAN CHERNOW AND WIFE, TANYA E. CHERNOW, BRYAN B. CORNISH AND WIFE, CHERYL A. CORNISH, JOHN D. COSTA AND WIFE, JULIE A. COSTA, TANYA HYNSON CROCKETT, DWAYNE DANIEL AND WIFE, SHAWNA DANIEL, RICHARD B. DARMON, JR. AND WIFE, CYNTHIA L. DARMON, DANIEL G. DARWIN AND WIFE, GAYLE E. DARWIN, SALAM H. DAVID AND WIFE, WADDELL DAVID, JAMES HENRY DONOVAN AND WIFE, CAROL ANNETTE DONOVAN, THOMAS J. DUCOTE AND WIFE, MITZI T. DUCOTE, DAVID GEORGE DUMAN AND WIFE, ANDREA JANE DUMAN, GAYLE T. EUBANKS, DOUGLAS FORD AND WIFE, DELOIS FORD, RICKY D. FREE AND WIFE, SHARON D. FREE, CASEY L. GLENDENNING AND WIFE, SUSAN S. GLENDENNING, MICHAEL C. HABBESTAD AND WIFE, SHAWNETTE C. HABBESTAD, MICHAEL HALL AND WIFE, SADIE HALL, JOHN TODD

APPELLANTS

HAWKINS AND WIFE, SHANNON K. HAWKINS, EDWIN C. HELLER AND WIFE, DONNA L. HELLER, MICHAEL EUWANE HELM, RANDALL S. HENDRICKSEN AND WIFE, LISA L. HENDRICKSEN, BILLY JACK HINDS AND WIFE, FAYE HINDS, JAMES R. HUNT, III AND WIFE, DENISE S. HUNT, RICKY HUTTO AND WIFE, DEBRA HUTTO, JOHN H. JACOBSON AND WIFE, MARY E. JACOBSON, TIM JOHNS AND WIFE, BRENDA JOHNS, PAUL MARCUS JONES AND WIFE, CAROLYN MARY JONES, AND THE LURA JONES TRUST

V.

CHESAPEAKE ENERGY CORPORATION AND CHESAPEAKE EXPLORATION, LLC

APPELLEES

------------

FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY

------------

**NO. 02-11-00389-CV**

PHILIP R. KASTNER AND WIFE, LAURA H. KASTNER; PATRICK LANG; ARTHUR L. LAXSON AND WIFE, SANDRA L. LAXSON; LEOLA SHARONA LEWIS; TIMOTHY LYNCH AND WIFE, RENETTE LYNCH; STEVEN L. MADSEN AND WIFE, LAURA E. MADSEN;

APPELLANTS

8

CHARLES MARMOLEJO AND WIFE, ROSA VELIA MARMOLEJO; JASON R. MENDOZA; STEPHEN MICHLER; MARVEL BROWN; DAVID ALAN NIXON AND WIFE, DEBORAH NIXON; JEFFREY RAY OAKLEY AND WIFE, TARA ANN OAKLEY; TIMOTHY J. O'REILLY AND WIFE, MELISSA K. O'REILLY; LARRY W. PERMANN AND WIFE, GERTRUDE M. PERMANN; WILLIAM DAVID PHILLIPS AND WIFE, CYNTHIA M. PHILLIPS; DAVID ALAN RAMSEY AND WIFE, DEBRA LYNN RAMSEY; JAMES S. ROLLER, JR. AND WIFE, ROBIN L. ROLLER; FOUAD SAADE AND WIFE, SANDRES GHANTOUS; RAJA SAADE AND WIFE, GUITTA SAADE; NOUHAD SAADE; RANDY SEYLER; JOHN EDWARD SHAW AND WIFE, MELISSA WHORTON SHAW; MICHAEL P. SHERMAN AND WIFE, MELISSA D. SHERMAN; MARK A. SMITH AND WIFE, ELLA L. SMITH; JERRY WAYNE SMITH AND WIFE, CATHERINE HOUSE SMITH; WILLIAM J. STONE AND WIFE, ALICE B. STONE; ARLY SURPRIS AND WIFE, PASCALE BARLATIER-SURPIS; STEVEN R. TATE AND WIFE, DEONNAH S. TATE; RONALD C. TAYLOR AND WIFE, TERRI S. TAYLOR; RONALD L. TOVSEN AND WIFE, MARTHA J. TOVSEN; RICK TOWNZEN AND WIFE, LEE ANNE TOWNZEN; RICKY L. TRUITT AND WIFE, CYNTHIA A. TRUITT; MICHAEL R. UNDERHILL AND WIFE, VICKY L. UNDERHILL; KEN L. VAUGHAN AND WIFE, PHYLLIS A. VAUGHAN;

ROBERT J. WALKER AND WIFE, KERRY E. WALKER; ALEX D. WAYNE AND WIFE, KAREN L. WAYNE; RICHARD A. WEBER AND WIFE, DENISE A. WEBER; MARC D. WHITE AND WIFE, REIGH E. WHITE; ARTHUR W. WIKOFF AND WIFE, GLORIA A. WIKOFF; AND BRIAN J. WRIGHT

V.

CHESAPEAKE EXPLORATION, LLC AND CHESAPEAKE ENERGY CORPORATION

APPELLEES

------------

FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY

------------

**NO. 02-11-00390-CV**

SAMUEL V. ALLEN, JR. AND WIFE, CIGNORAY M. ALLEN, JEFFERY L. BRANDON AND WIFE, BRENDA T. BRANDON, BRYAN THOMAS HILGARDNER AND WIFE, THERESA SUE HILGARDNER, JOSE E. RAMOS, SR. AND WIFE, BETTY J. RAMOS, JAMES M. WILSON AND WIFE, TANYA L. WILSON, AND CURTIS EUGENE WOOD

APPELLANTS

V.

CHESAPEAKE ENERGY                                                    APPELLEES
CORPORATION AND
CHESAPEAKE EXPLORATION,
LLC

------------

FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY

------------

# MEMORANDUM OPINION[2]

------------

Appellants are owners of property in the Deer Creek Estates addition to the City of Crowley, Texas who possessed unleased mineral interests in their property.  In 2007 or early 2008, to facilitate the negotiation of natural gas and mineral leases *en masse* for Deer Creek Estates residents, a Deer Creek Estates Residents Oil & Gas Lease Committee (the Committee) was formed.  Appellants argue that eventually, a contract was negotiated between the Committee and Appellees Chesapeake Energy Corporation and Chesapeake Exploration, LLC (collectively, Chesapeake).  Appellants claim that two documents form the contract between the Committee and Chesapeake:  the Supplemental Agreement Regarding Gas Lease[3] and the "form lease."[4]  Appellants concede

---

[2]*See* Tex. R. App. P. 47.4.

[3]The Supplemental Agreement Regarding Gas Lease is a six-paragraph document signed by Chesapeake and by Matthew B. Platts as "committee member" for the Committee.

11

that the Committee had no authority to bind any Appellant to the terms of the form lease; the form lease acknowledges that no Appellant is required to sign the form lease and provides that each Appellant has the right to negotiate his or her own lease terms. No Appellant signed a lease with Chesapeake. Based on the downturn in the economy, Chesapeake decided to not go forward with leasing minerals in the Deer Creek Estates neighborhood.

Appellants sued. Appellants' suit claimed that Chesapeake breached the contract[5] that purportedly existed between the Committee and Chesapeake by not offering to each Appellant a mineral lease containing the form lease terms—a $27,000 per net mineral acre signing bonus, a 25.25% royalty, a three-year term with no renewal option, and the signing bonus to be paid by a thirty-day bank draft delivered at the time of signing. In their suit, Appellants sought Chesapeake's specific performance of the unexecuted form leases for each Appellant.

Concerning their breach of contract claims, Appellants acknowledge that they did not execute the Supplemental Agreement Regarding Gas Lease or

---

[4]The "form lease" is a template; it contains blanks for the date of execution, for the name of the Lessor, for the address of the property, for the gross acreage, and for the signatures of the parties.

[5]Appellants asserted other causes of action against Chesapeake as well, and the trial court granted summary judgment for Chesapeake on all of Appellants' claims. On appeal, Appellants challenge only the summary judgment granted on their breach of contract claims; thus we need not, and do not, address the trial court's summary judgments on Appellants' other claims.

execute any form lease. Appellants nonetheless claim that they possess standing to sue Chesapeake for breach of contract because they are intended third-party beneficiaries of the purported contract between the Committee and Chesapeake. The trial court granted Chesapeake's no-evidence and traditional motions for summary judgment against all Appellants. One of the grounds on which the trial court granted summary judgment for Chesapeake on Appellants' breach of contract claims was that no summary judgment evidence existed that Appellants are third-party beneficiaries of any agreement between the Committee and Chesapeake.

Appellants raise six issues in their appeal challenging the summary judgment granted for Chesapeake on their breach of contract claims. For purposes of our opinion, we assume that the Supplemental Agreement Regarding Gas Lease and the form lease together constitute a contract between the Committee and Chesapeake. We therefore need not address Appellants' first and second issues, including the six subissues set forth in Appellants' second issue, arguing the existence of the contract. *See* Tex. R. App. 47.1 (requiring appellate court to address only issues necessary to the disposition of the appeal). Additionally, for purposes of our opinion, we will consider the affidavits of Appellants' expert registered professional land surveyors, so we need not address Appellants' third issue claiming that the trial court erred by sustaining objections to these experts' affidavits. Because we ultimately hold, as set forth below, that Appellants lack standing to assert breach of contract claims

13

against Chesapeake, we also need not address their fifth and sixth issues concerning the statute of frauds. *See, e.g.*, *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993) (recognizing that appellate court must affirm summary judgment if any ground for summary judgment specifically found by the trial court supports summary judgment).

Our disposition of these appeals is controlled by *Maddox v. Vantage Energy LLC*, No. 02-11-00210-CV, 2012 WL 407269 (Tex. App.—Fort Worth Feb. 9, 2012, pet. filed).[6]  In *Maddox*, we held under very similar facts that, although a nonprofit, unincorporated association named Southwest Fort Worth Alliance, or SFWA, negotiated an agreement with Vantage Energy concerning a template uniform oil and gas lease to be used by Vantage for any leases it obtained in the SFWA neighborhoods, the purported contract between Vantage and SFWA did not identify any third-party beneficiaries with sufficient specificity to confer third-party-beneficiary status. 2012 WL 407269, at *3–4.  We also held that, even if the purported contract between Vantage and SFWA could be construed as sufficiently identifying third-party beneficiaries, any such beneficiaries nonetheless failed to qualify as third-party beneficiaries because they were neither creditor beneficiaries nor donee beneficiaries.  *Id.* at *5. Consequently, in *Maddox*, we assumed the existence of a contract between

---

[6]*See also Eastern Express, LP v. XTO Energy, Inc.*, Nos. 02-10-00395-CV, 02-10-00396-CV, 02-10-00397-CV, 2012 WL 1059080, at *3 (Tex. App.—Fort Worth Mar. 29, 2012, no pet. h.) (mem. op.) (applying *Maddox* to similar facts).

SFWA and Vantage, held that the plaintiffs/appellants lacked third-party-beneficiary status and accordingly lacked standing to assert a breach of any SFWA/Vantage contract, and that plaintiffs/appellants' breach-of-contract claims should be dismissed.

We assume for purposes of this opinion that a contract existed between the Committee and Chesapeake. Here, like in *Maddox*, Appellants are not parties to and did not sign the purported contract between the Committee and Chesapeake. Thus here, like in *Maddox*, Appellants may sue to enforce this purported contract only if they are third-party beneficiaries of it. *See id.* at *3–4. Here, like in *Maddox*, Appellants are not specifically named as third-party beneficiaries in the purported contract they seek to enforce. *See id.* Appellants are not identified by address, nor is any map attached to the purported contract that would identify Appellants by lot numbers or by addresses in Deer Creek Estates.[7] No summary judgment evidence exists identifying which Deer Creek Estates property owners possessed unleased mineral interests; counsel conceded during oral argument that around twenty Deer Creek Estate property owners had leased their mineral interests. We pointed out in *Maddox* that the property owners had not cited and we had not located any Texas case "supporting the proposition that persons who in a contract are unnamed,

[7]Although the Supplemental Agreement Regarding Gas Lease purports to have a map attached to it, the parties concede that no map was attached when the document was executed, and the summary judgment record contains no such map attached to the Supplemental Agreement.

15

unidentified by address or by property description, and are unidentifiable by membership in a specifically defined, discrete, limited group can be intended by the contracting parties to be beneficiaries of that contract." *Id.* at *4.[8] Thus, we hold here, as we did in *Maddox*, that the purported contract between the Committee and Chesapeake does not sufficiently identify Appellants to enable them to attain third-party-beneficiary status.[9] *See Maddox*, 2012 WL 407269, at *4.

To the extent that, by some stretch, the purported contract between the Committee and Chesapeake could be construed as specifically identifying these particular Appellants, the summary judgment evidence nonetheless conclusively

---

[8]Appellants point to the case of *Basic Capital Mgmt., Inc. v. Dynex Commercial, Inc.*, 348 S.W.3d 894, 900–01 (Tex. 2011) as supporting this proposition. The factual distinctions between *Basic Capital* and the present facts are extensive. Perhaps most importantly, in *Basic Capital*, two real estate trusts were held to be intended third-party beneficiaries of loan agreements when the agreements provided that the lender would loan money to single asset, bankruptcy remote borrowing entities (SABREs) created for the benefit and protection of the lender and when the lender knew the SABREs were wholly owned by the two real estate trusts. *Id*. Here, the Committee is not a wholly-owned subsidiary of Appellants and in fact lacked the authority to even bind any Appellant to the Supplemental Agreement Regarding Gas Lease or to any form lease. In short, unlike in *Basic Capital* where the agreement to loan money to the SABREs automatically benefited the owners of the SABREs—the two real estate trusts, here, the purported agreement between the Committee and Chesapeake does not automatically benefit Appellants; Appellants must determine their own lease terms and assign their mineral rights to Chesapeake.

[9]We have reviewed the affidavits of registered professional land surveyors W. Thad Murley, III and Douglas L. Authur. Each affidavit states that the surveyor can identify the boundaries of the individual residential lots within Deer Creek Estates. Nothing in those affidavits or the exhibits to those affidavits adds to the identifiability of Appellants in the alleged contract.

16

establishes that Appellants are not donee beneficiaries of any contract between the Committee and Chesapeake.[10] Appellants' position is that they are donee beneficiaries because Chesapeake's offer to lease their minerals as set forth in the purported contract was a pure donation to them; Appellants' counsel explained during oral argument his theory that the offer itself, apart from any acceptance by Appellants, "had value" and caused Appellants to attain donee third-party-beneficiary status. But Appellants have cited no case law, and we have located none, supporting the proposition that an offer, absent any acceptance of the offer, has value. Moreover, recovery of the value of the offer independent of any acceptance is not the relief Appellants seek; they seek specific performance by Chesapeake of the unexecuted form lease containing the provisions for a $27,000 per net mineral acre signing bonus, a 25.25% royalty, a three-year term with no renewal option, and the signing bonus to be paid by a thirty-day bank draft delivered at the time of signing. Thus, Appellants are not as a matter of law donee beneficiaries because the performance allegedly promised by Chesapeake that Appellants seek specific performance of—the offer and execution of a lease in accordance with the terms of the form lease—will, when rendered, not come as a pure donation but will be made in

---

[10]Appellants' brief makes no argument that Appellants are creditor beneficiaries of the purported contract between the Committee and Chesapeake; and during oral argument, Appellants' counsel conceded that Appellants were not creditor beneficiaries, so we need not address Appellants' creditor beneficiary status. Additionally, the affidavits of the two registered professional land surveyors have no impact on our donee beneficiary analysis.

exchange for the lease of Appellants' mineral rights.  *See id.* at *5.

The summary judgment evidence conclusively establishes that Appellants are not third-party beneficiaries of any contract between the Committee and Chesapeake both because Appellants are not sufficiently identified to attain third-party-beneficiary status and because Appellants are not donee beneficiaries of any contract between the Committee and Chesapeake and do not claim to be creditor beneficiaries.

Having addressed Appellants' fourth issue, the only issue necessary for the disposition of this appeal in light of our assumption that a contract existed between the Committee and Chesapeake and in light of our inclusion of Appellants' expert surveyors' reports in our review of the summary judgment evidence, we hold that Appellants lack standing to assert breach of contract claims against Chesapeake.  We render judgment dismissing Appellants' breach of contract claims against Chesapeake.

SUE WALKER
JUSTICE

PANEL:  WALKER, MCCOY, and GABRIEL, JJ.

DELIVERED:  May 10, 2012