02-11-378--390-CV_COR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00378-CV

 

 


 
 
 David J. Kantner and wife, Sheri K. Kantner, Jon D.
 Mathe, David Moore, and wife, Sylvia Moore, and Michael Morris and wife, Kim
 Morris
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Chesapeake Energy Corporation and Chesapeake
 Exploration, LLC
 
 
  
 
 
 APPELLEES
 
 


 

 

------------

 

FROM THE 67th
District Court OF Tarrant COUNTY

------------

NO. 02-11-00379-CV 

 

 


 
 
 Brent Musselman and wife, Terri Musselman, Jamie R.
 Oldham and wife, Jenee L. Oldham, Tommy D. Osborne and wife, Lori M. Osborne,
 and Mark Deven Pitt and wife, Kristin E. Pitt
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Chesapeake Exploration, LLC and Chesapeake Energy
 Corporation
 
 
  
 
 
 APPELLEES
 
 


 

 

------------

 

FROM THE 67th
District Court OF Tarrant COUNTY

------------

NO. 02-11-00380-CV 

 

 


 
 
 Francois Pelletier and wife, Darie Berube, Bill J.
 Ralston and wife, Madalyn M. Ralston, Joseph A. Simon and wife, Kay L. Simon,[1]
 and Marc G. Wilson and wife, Rose M. Wilson
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Chesapeake Energy Corporation and Chesapeake
 Exploration, LLC
  
 
 
  
 
 
 APPELLEES 
 
 


 

 

------------

 

FROM THE 67th
District Court OF Tarrant COUNTY

------------

NO. 02-11-00381-CV 

 

 


 
 
 Wardell Hamilton, Sr. and wife, Diane Hamilton;
 Barbara A. Harris; Rebecca Hernandez; William D. Kolodzie and wife, Mary M.
 Kolodzie
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Chesapeake Exploration, LLC and Chesapeake Energy
 Corporation
 
 
  
 
 
 APPELLEES 
 
 


 

 

------------

 

FROM THE 67th
District Court OF Tarrant COUNTY

------------

NO. 02-11-00382-CV 

 

 


 
 
 Matthew Platts, G.L. Potts and wife, Jennifer
 Potts, Dean A. Schuerman and wife, Ginger C. Schuerman, and John G. Woods
 
 
  
 
 
 APPELLANTS
 
 
 
 
 V.
  
 
 
 
 
 Chesapeake Energy Corporation and Chesapeake
 Exploration, LLC
 
 
  
 
 
 APPELLEES 
 
 


------------

 

FROM THE 67th
District Court OF Tarrant COUNTY

------------

NO. 02-11-00383-CV 

 

 


 
 
 James M. Reaves and wife, Terri E. Reaves; Mark C.
 Richmond and wife, Debra M. Richmond; and Calvin R. Washington and wife,
 Mayrion A. Washington
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Chesapeake Exploration, LLC and Chesapeake Energy
 Corporation
 
 
  
 
 
 APPELLEES 
 
 


 

 

------------

 

FROM THE 67th
District Court OF Tarrant COUNTY

------------

NO. 02-11-00384-CV 

 

 


 
 
 Howard L. Easter and wife, Glenda K. Easter, Gary
 L. Elliott and wife, Kaye T. Elliott, Jerry D. Fuselier and wife, Rhonda M.
 Fuselier, and David G. Gardner and wife, Donna Gardner
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Chesapeake Energy Corporation and Chesapeake
 Exploration, LLC
 
 
  
 
 
 APPELLEES 
 
 


 

 

------------

 

FROM THE 67th
District Court OF Tarrant COUNTY

------------

NO. 02-11-00385-CV 

 

 


 
 
 Jerry L. Simmank, Jr.; Richard D. Wilson and wife,
 Mary D. Wilson; and Carl E. YoungbLood and wife, Jennifer M. Youngblood
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Chesapeake Exploration, LLC and Chesapeake Energy
 Corporation
 
 
  
 
 
 APPELLEES 
 
 


 

 

------------

 

FROM THE 67th
District Court OF Tarrant COUNTY

------------

NO. 02-11-00386-CV 

 

 


 
 
 David D. Dees and wife, Sarah M. Dees, John Robert
 Grant and wife, Brenda J. Grant, Robbie Griggs, Jr. and wife Janice T.
 Griggs, and Thomas Charles Hasenbeck and wife Mary Johnson Hasenbeck
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Chesapeake Energy Corporation and Chesapeake
 Exploration, LLC
 
 
  
 
 
 APPELLEES 
 
 


 

 

------------

 

FROM THE 67th
District Court OF Tarrant COUNTY

------------

NO. 02-11-00387-CV 

 

 


 
 
 John C. Bright and wife Heather M. Bright; Landon
 G. Cox, Jr. and wife, Patricia M. Cox; Meral O. Crawford; Frederick Earl
 Davis and wife, Ellen J. Davis
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Chesapeake Exploration, LLC and Chesapeake Energy
 Corporation
 
 
  
 
 
 APPELLEES
 
 


 

 

------------

 

FROM THE 67th
District Court OF Tarrant COUNTY

------------

NO. 02-11-00388-CV 

 

 


 
 
 Ric A. Alexander and wife, Jill R. Alexander, Elaine
 Anders, Frank Andrews and wife, Lynda L. Andrews, Muriel B. Brooks Auther,
 Dale C. Baker and wife, Shari D. Baker, Danny E. Brawner and wife, Mary Alice
 Brawner, Melissa Lou Brown, Sam O. Bruce, DAVID E. BRYANT AND WIFE, JANET L.
 BRYANT, JERRY ALLEN BURNS AND WIFE, ELAYNE RENEE BURNS, LIONEL H. CANTU AND
 PAULA A. CANTU, DAVID NATHAN CHERNOW AND WIFE, TANYA E. CHERNOW, BRYAN B.
 CORNISH AND WIFE, CHERYL A. CORNISH, JOHN D. COSTA AND WIFE, JULIE A. COSTA,
 TANYA HYNSON CROCKETT, DWAYNE DANIEL AND WIFE, SHAWNA DANIEL, RICHARD B.
 DARMON, JR. AND WIFE, CYNTHIA L. DARMON, DANIEL G. DARWIN AND WIFE, GAYLE E.
 DARWIN, SALAM H. DAVID AND WIFE, WADDELL DAVID, JAMES HENRY DONOVAN AND WIFE,
 CAROL ANNETTE DONOVAN, THOMAS J. DUCOTE AND WIFE, MITZI T. DUCOTE, DAVID
 GEORGE DUMAN AND WIFE, ANDREA JANE DUMAN, GAYLE T. EUBANKS, DOUGLAS FORD AND
 WIFE, DELOIS FORD, RICKY D. FREE AND WIFE, SHARON D. FREE, CASEY L.
 GLENDENNING AND WIFE, SUSAN S. GLENDENNING, MICHAEL C. HABBESTAD AND WIFE,
 SHAWNETTE C. HABBESTAD, MICHAEL HALL AND WIFE, SADIE HALL, JOHN TODD HAWKINS AND
 WIFE, SHANNON K. HAWKINS, EDWIN C. HELLER AND WIFE, DONNA L. HELLER, MICHAEL
 EUWANE HELM, RANDALL S. HENDRICKSEN AND WIFE, LISA L. HENDRICKSEN, BILLY JACK
 HINDS AND WIFE, FAYE HINDS, JAMES R. HUNT, iii AND WIFE, DENISE S. HUNT,
 RICKY HUTTO AND WIFE, DEBRA HUTTO, JOHN H. JACOBSON AND WIFE, MARY E.
 JACOBSON, TIM JOHNS AND WIFE, BRENDA JOHNS, PAUL MARCUS JONES AND WIFE,
 CAROLYN MARY JONES, AND THE LURA JONES TRUST
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Chesapeake Energy Corporation and Chesapeake
 Exploration, LLC
 
 
  
 
 
 APPELLEES
 
 


 

 

------------

 

FROM THE 67th
District Court OF Tarrant COUNTY

------------

NO. 02-11-00389-CV 

 

 


 
 
 Philip R. Kastner and wife, Laura H. Kastner;
 Patrick Lang; Arthur L. Laxson and wife, Sandra L. Laxson; Leola Sharona Lewis;
 Timothy Lynch and wife, Renette Lynch; Steven L. Madsen and wife, Laura E.
 Madsen; Charles Marmolejo and wife, rosa velia marmolejo; jason r. mendoza;
 stephen michler; marvel brown; david alan nixon and wife, deborah nixon;
 jeffrey ray oakley and wife, tara ann oakley; timothy j. o’reilly and wife,
 melissa k. o’reilly; larry w. permann and wife, gertrude m. permann; william
 david phillips and wife, cynthia m. phillips; david alan ramsey and wife,
 debra lynn ramsey; james s. roller, jr. and wife, robin l. roller; fouad
 saade and wife, sandres ghantous; raja saade and wife, guitta saade; nouhad
 saade; randy seyler; john edward shaw and wife, melissa whorton shaw; michael
 p. sherman and wife, melissa d. sherman; mark a. smith and wife, ella l.
 smith; jerry wayne smith and wife, catherine house smith; william j. stone
 and wife, alice b. stone; arly surpris and wife, pascale barlatier-surpis;
 steven r. tate and wife, deonnah s. tate; ronald c. taylor and wife, terri s.
 taylor; ronald l. tovsen and wife, martha j. tovsen; rick townzen and wife,
 lee anne townzen; ricky l. truitt and wife, cynthia a. truitt; michael r.
 underhill and wife, vicky l. underhill; ken l. vaughan and wife, phyllis a.
 vaughan; robert j. walker and wife, kerry e. walker; alex d. wayne and wife,
 karen l. wayne; richard a. weber and wife, denise a. weber; marc d. white and
 wife, reigh e. white; arthur w. wikoff and wife, gloria a. wikoff; and brian
 j. wright
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Chesapeake Exploration, LLC and Chesapeake Energy
 Corporation
 
 
  
 
 
 APPELLEES
 
 


 

 

------------

 

FROM THE 67th
District Court OF Tarrant COUNTY

------------

NO. 02-11-00390-CV 

 

 


 
 
 Samuel V. Allen, Jr. and wife, Cignoray M. Allen,
 Jeffery L. Brandon and wife, Brenda T. Brandon, Bryan Thomas Hilgardner and
 wife, Theresa Sue Hilgardner, Jose E. Ramos, Sr. and wife, Betty J. Ramos,
 James M. Wilson and wife, Tanya L. Wilson, AND CURTIS EUGENE WOOD
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 


 


 
 
  
  
 Chesapeake Energy CorpORATION and Chesapeake
 Exploration, lLC
 
 
  
 
 
  
  
 APPELLEES 
 
 


 

 

------------

 

FROM THE 67th
District Court OF Tarrant COUNTY

------------

MEMORANDUM
OPINION[2]

------------

Appellants are owners of property in the Deer
Creek Estates addition to the City of Crowley, Texas who possessed unleased
mineral interests in their property.  In 2007 or early 2008, to facilitate the
negotiation of natural gas and mineral leases en masse for Deer Creek
Estates residents, a Deer Creek Estates Residents Oil & Gas Lease Committee
(the Committee) was formed.  Appellants argue that eventually, a contract was
negotiated between the Committee and Appellees Chesapeake Energy Corporation
and Chesapeake Exploration, LLC (collectively, Chesapeake).  Appellants claim
that two documents form the contract between the Committee and Chesapeake:  the
Supplemental Agreement Regarding Gas Lease[3] and
the “form lease.”[4]  Appellants
concede that the Committee had no authority to bind any Appellant to the terms
of the form lease; the form lease acknowledges that no Appellant is required to
sign the form lease and provides that each Appellant has the right to negotiate
his or her own lease terms.  No Appellant signed a lease with Chesapeake. 
Based on the downturn in the economy, Chesapeake decided to not go forward with
leasing minerals in the Deer Creek Estates neighborhood.

Appellants sued.  Appellants’ suit claimed
that Chesapeake breached the contract[5]
that purportedly existed between the Committee and Chesapeake by not offering to
each Appellant a mineral lease containing the form lease terms––a $27,000 per
net mineral acre signing bonus, a 25.25% royalty, a three-year term with no
renewal option, and the signing bonus to be paid by a thirty-day bank draft
delivered at the time of signing.  In their suit, Appellants sought Chesapeake’s
specific performance of the unexecuted form leases for each Appellant.

Concerning their breach of contract claims, Appellants
acknowledge that they did not execute the Supplemental Agreement Regarding Gas
Lease or execute any form lease.  Appellants nonetheless claim that they
possess standing to sue Chesapeake for breach of contract because they are
intended third-party beneficiaries of the purported contract between the
Committee and Chesapeake.  The trial court granted Chesapeake’s no-evidence and
traditional motions for summary judgment against all Appellants.  One of the
grounds on which the trial court granted summary judgment for Chesapeake on
Appellants’ breach of contract claims was that no summary judgment evidence
existed that Appellants are third-party beneficiaries of any agreement between
the Committee and Chesapeake.

Appellants raise six issues in their appeal
challenging the summary judgment granted for Chesapeake on their breach of
contract claims.  For purposes of our opinion, we assume that
the Supplemental Agreement Regarding Gas Lease and the form lease together
constitute a contract between the Committee and Chesapeake.  We therefore need
not address Appellants’ first and second issues, including the six subissues
set forth in Appellants’ second issue, arguing the existence of the contract.  See
Tex. R. App. 47.1 (requiring appellate court to address only issues necessary
to the disposition of the appeal).  Additionally, for purposes of our opinion,
we will consider the affidavits of Appellants’ expert registered professional
land surveyors, so we need not address Appellants’ third issue claiming that
the trial court erred by sustaining objections to these experts’ affidavits. 
Because we ultimately hold, as set forth below, that Appellants lack standing
to assert breach of contract claims against Chesapeake, we also need not
address their fifth and sixth issues concerning the statute of frauds.  See,
e.g., State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380
(Tex. 1993) (recognizing that appellate court must affirm summary judgment if
any ground for summary judgment specifically found by the trial court supports
summary judgment).

Our disposition of these appeals is
controlled by Maddox v. Vantage Energy LLC, No. 02-11-00210-CV, 2012 WL
407269 (Tex. App.––Fort Worth Feb. 9, 2012, pet. filed).[6]  In
Maddox, we held under very similar facts that, although a nonprofit,
unincorporated association named Southwest Fort Worth Alliance, or SFWA,
negotiated an agreement with Vantage Energy concerning a template uniform oil
and gas lease to be used by Vantage for any leases it obtained in the SFWA
neighborhoods, the purported contract between Vantage and SFWA did not identify
any third-party beneficiaries with sufficient specificity to confer
third-party-beneficiary status.  2012 WL 407269, at *3–4.  We also held that,
even if the purported contract between Vantage and SFWA could be construed as
sufficiently identifying third-party beneficiaries, any such beneficiaries
nonetheless failed to qualify as third-party beneficiaries because they were
neither creditor beneficiaries nor donee beneficiaries.  Id. at *5.  Consequently,
in Maddox, we assumed the existence of a contract between SFWA and
Vantage, held that the plaintiffs/appellants lacked third-party-beneficiary
status and accordingly lacked standing to assert a breach of any SFWA/Vantage
contract, and that plaintiffs/appellants’ breach-of-contract claims should be
dismissed.

We assume for purposes of this opinion that a
contract existed between the Committee and Chesapeake.  Here, like in Maddox,
Appellants are not parties to and did not sign the purported contract between the
Committee and Chesapeake.  Thus here, like in Maddox, Appellants may sue
to enforce this purported contract only if they are third-party beneficiaries
of it.  See id. at *3–4.  Here, like in Maddox, Appellants are
not specifically named as third-party beneficiaries in the purported contract they
seek to enforce.  See id.  Appellants are not identified by address, nor
is any map attached to the purported contract that would identify Appellants by
lot numbers or by addresses in Deer Creek Estates.[7]  No
summary judgment evidence exists identifying which Deer Creek Estates property
owners possessed unleased mineral interests; counsel conceded during oral
argument that around twenty Deer Creek Estate property owners had leased their
mineral interests.  We pointed out in Maddox that the property owners
had not cited and we had not located any Texas case “supporting the proposition
that persons who in a contract are unnamed, unidentified by address or by
property description, and are unidentifiable by membership in a specifically
defined, discrete, limited group can be intended by the contracting parties to
be beneficiaries of that contract.”  Id. at *4.[8] 
Thus, we hold here, as we did in Maddox, that the purported contract
between the Committee and Chesapeake does not sufficiently identify Appellants
to enable them to attain third-party-beneficiary status.[9]  See Maddox, 2012 WL
407269, at *4.

To the extent that, by some stretch, the purported
contract between the Committee and Chesapeake could be construed as
specifically identifying these particular Appellants, the summary judgment
evidence nonetheless conclusively establishes that Appellants are not donee
beneficiaries of any contract between the Committee and Chesapeake.[10]  Appellants’
position is that they are donee beneficiaries because Chesapeake’s offer to
lease their minerals as set forth in the purported contract was a pure donation
to them; Appellants’ counsel explained during oral argument his theory that the
offer itself, apart from any acceptance by Appellants, “had value” and caused
Appellants to attain donee third-party-beneficiary status.  But Appellants have
cited no case law, and we have located none, supporting the proposition that an
offer, absent any acceptance of the offer, has value.  Moreover, recovery of the
value of the offer independent of any acceptance is not the relief Appellants
seek; they seek specific performance by Chesapeake of the unexecuted form lease
containing the provisions for a $27,000 per net mineral acre signing bonus, a
25.25% royalty, a three-year term with no renewal option, and the signing bonus
to be paid by a thirty-day bank draft delivered at the time of signing.  Thus,
Appellants are not as a matter of law donee beneficiaries because the
performance allegedly promised by Chesapeake that Appellants seek specific
performance of––the offer and execution of a lease in accordance with the terms
of the form lease––will, when rendered, not come as a pure donation but will be
made in exchange for the lease of Appellants’ mineral rights.  See id. at
*5.

The summary judgment evidence conclusively
establishes that Appellants are not third-party beneficiaries of any contract
between the Committee and Chesapeake both because Appellants are not
sufficiently identified to attain third-party-beneficiary status and because Appellants
are not donee beneficiaries of any contract between the Committee and
Chesapeake and do not claim to be creditor beneficiaries.

Having addressed Appellants’ fourth issue,
the only issue necessary for the disposition of this appeal in light of our
assumption that a contract existed between the Committee and Chesapeake and in
light of our inclusion of Appellants’ expert surveyors’ reports in our review
of the summary judgment evidence, we hold that Appellants lack standing to
assert breach of contract claims against Chesapeake.  We render judgment
dismissing Appellants’ breach of contract claims against Chesapeake.

 

 

SUE WALKER
JUSTICE

 

PANEL:  WALKER, MCCOY, and GABRIEL, JJ.

 

DELIVERED:  May 10, 2012








 









[1]Kay L. Simon was named as
an appellant in the notice of appeal, but she had previously nonsuited her
claims against Appellees.  Therefore, we dismiss her appeal for want of
jurisdiction.  See Motor Vehicle Board of the Tex. Dep't of Transp. v. El
Paso Indep. Auto. Dealers Ass'n, Inc., 1 S.W.3d 108, 110 (Tex. 1999); Preston
v. Am. Eagle Ins. Co., 948 S.W.2d 18, 21 (Tex. App.—Dallas 1997, no writ).





[2]See Tex. R. App. P. 47.4.





[3]The Supplemental Agreement
Regarding Gas Lease is a six-paragraph document signed by Chesapeake and by
Matthew B. Platts as “committee member” for the Committee.





[4]The “form lease” is a
template; it contains blanks for the date of execution, for the name of the
Lessor, for the address of the property, for the gross acreage, and for the
signatures of the parties.





[5]Appellants asserted other
causes of action against Chesapeake as well, and the trial court granted
summary judgment for Chesapeake on all of Appellants’ claims.  On appeal,
Appellants challenge only the summary judgment granted on their breach of
contract claims; thus we need not, and do not, address the trial court’s
summary judgments on Appellants’ other claims.





[6]See also Eastern
Express, LP v. XTO Energy, Inc., Nos. 02-10-00395-CV, 02-10-00396-CV,
02-10-00397-CV, 2012 WL 1059080, at *3 (Tex. App.––Fort Worth Mar. 29, 2012, no
pet. h.) (mem. op.) (applying Maddox to similar facts).





[7]Although the Supplemental
Agreement Regarding Gas Lease purports to have a map attached to it, the
parties concede that no map was attached when the document was executed, and
the summary judgment record contains no such map attached to the Supplemental
Agreement.





[8]Appellants point to the
case of Basic Capital Mgmt., Inc. v. Dynex Commercial, Inc., 348 S.W.3d
894, 900–01 (Tex. 2011) as supporting this proposition.  The factual
distinctions between Basic Capital and the present facts are extensive. 
Perhaps most importantly, in Basic Capital, two real estate trusts were
held to be intended third-party beneficiaries of loan agreements when the
agreements provided that the lender would loan money to single asset,
bankruptcy remote borrowing entities (SABREs) created for the benefit and
protection of the lender and when the lender knew the SABREs were wholly owned
by the two real estate trusts.  Id.  Here, the Committee is not a
wholly-owned subsidiary of Appellants and in fact lacked the authority to even
bind any Appellant to the Supplemental Agreement Regarding Gas Lease or to any
form lease.  In short, unlike in Basic Capital where the agreement to
loan money to the SABREs automatically benefited the owners of the SABREs––the
two real estate trusts, here, the purported agreement between the Committee and
Chesapeake does not automatically benefit Appellants; Appellants must determine
their own lease terms and assign their mineral rights to Chesapeake.





[9]We have reviewed the
affidavits of registered professional land surveyors W. Thad Murley, III and
Douglas L. Authur.  Each affidavit states that the surveyor can identify the
boundaries of the individual residential lots within Deer Creek Estates.  Nothing
in those affidavits or the exhibits to those affidavits adds to the
identifiability of Appellants in the alleged contract.





[10]Appellants’ brief makes
no argument that Appellants are creditor beneficiaries of the purported
contract between the Committee and Chesapeake; and during oral argument,
Appellants’ counsel conceded that Appellants were not creditor beneficiaries,
so we need not address Appellants’ creditor beneficiary status.  Additionally,
the affidavits of the two registered professional land surveyors have no impact
on our donee beneficiary analysis.