**Order entered March 21, 2022**



**In The**
# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-22-00147-CV

---

## IN THE INTEREST OF D.P., MINOR CHILD

---

**On Appeal from the 256th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-17-14694**

---

### ORDER

We abated this appeal on March 3, 2022 to allow the trial court an opportunity to appoint appellate counsel for Father, and we ordered that a supplemental clerk's record containing a copy of the order of appointment be filed by March 14, 2022. Although the record has not been filed, attorney Stephanie Pond has informed the Court, by way of a motion for extension of time to file the notice of appeal, filed on behalf of Father, that she was appointed Father's counsel, and our case management system now reflects that. Accordingly, we **REINSTATE** the appeal.

Turning to the extension motion, we note that the motion was to be filed within ten days of Ms. Pond's appointment. Ms. Pond was appointed March 4, and the motion was filed March 16. In the motion, Ms. Pond requests we extend the deadline for filing the notice of appeal as well as the deadline for filing the extension motion. We **GRANT** the requests in the motion and deem the notice of appeal filed by Father February 16, 2022 timely for jurisdictional purposes.[1]

Having deemed Father's notice of appeal timely, we deem the notice of appeal filed by Paternal Grandmother, who is proceeding pro se and also filed the notice on February 16, 2022, timely even though she has not filed an extension motion. *See* TEX. R. APP. P. 26.1(d); *Chandy v. Kerala Christian Adult Homes, LLC*, 618 S.W.3d 880, 885 (Tex. App.—Dallas 2021, no pet.).

We note the reporter's record is overdue. Although the final judgment recites a record was made, nothing before the Court reflects it has been requested. Accordingly, we **ORDER** Father to file written verification he has requested the record **no later than March 25, 2022**. We further **ORDER** Glenda Finkley, Official Court Reporter for the 256th Judicial District Court, to file the reporter's

---

[1] We note the clerk's record includes a copy of a final judgment signed January 10, 2022 and a copy of a final judgment signed January 20, 2022. Although the only difference between the two judgments appears to be the signature date, because the January 20 judgment was signed during the trial court's plenary power, the appellate deadlines run from that date. *See Preston v. Am. Eagle Ins. Co.*, 948 S.W.2d 18, 20 (Tex. App.—Dallas 1997, no writ); *Owens-Corning Fiberglass Corp.v. Wasiak*, 883 S.W.2d 402, 404-05 (Tex. App.—Austin 1994, no writ) (per curiam). Under Texas Rule of Appellate Procedure 26.1(b), the notice of appeal was due within twenty days of judgment, or February 9. *See* TEX. R. APP. P. 26.1(b), 28.4(a)(1). With an extension motion, it was due no later than February 24. *See id.* 26.3.

record **within ten days of the record being requested**.  In accordance with Texas Rule of Appellate Procedure 28.4(b), the trial court must arrange for a substitute reporter if necessary to ensure the record is timely filed.  *See* TEX. R. APP. P. 28.4(b).  Because Father and Paternal Grandmother have both filed statements of inability to afford costs, and nothing before the Court reflects they have been ordered to pay costs, any record shall be filed without payment of costs.

*We caution that failure to file the requested verification may result in the appeal being submitted without the reporter's record.  See id.* 37.3(c).

We **DIRECT** the Clerk of the Court to send a copy of this order to the Honorable David Lopez, Presiding Judge of the 256th Judicial District Court; Ms. Finkley; and, the parties.

/s/    LESLIE OSBORNE
        JUSTICE